IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TOMAS MIKO,<br><br>    *Plaintiff*,<br><br>v.<br><br>REPRESENTATIVE VERNON JONES,<br>in his individual and official capacities,<br>    *Defendant*. | CIVIL ACTION<br>FILE NO. |

**VERFIED COMPLAINT**
**FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff, Tomas Miko, brings this action against Defendant under 42 U.S.C. § 1983, and the First Amendment of the United States Constitution for equitable relief and small damages concerning the blocking of his ability to post, comment and "like" on the social media Facebook page for Representative Vernon Jones because Plaintiff and others posted comments with contrary viewpoints or comments critical of Representative Jones' political positions, and particularly, criticism of certain legislative proposals of Representative Jones.

1

## PARTIES

1.  Plaintiff Tomas Miko (hereinafter referred to as "Plaintiff") is a resident of Cobb County, Georgia. Plaintiff is a concerned Georgia citizen and is politically active in his community. Plaintiff engages in public debate via social media, including Facebook.

2.  Defendant State Representative Vernon Jones (hereinafter referred to as "Defendant Jones") is sued in his individual capacity for small actual and nominal damages and official capacity for equitable relief. At all times relevant to the complaint, Defendant Jones acted under the color of law.

## JURISDICTION AND VENUE

3.  This action arises under the authority vested in this Court by virtue of 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343 (a)(3), the First Amendment of the United States Constitution, and Georgia law.

4.  This Court has supplemental jurisdiction of Plaintiff's state law claims under 28 U.S.C. § 1367.

5.  This Court has jurisdiction to grant declaratory and injunctive relief pursuant to 28 U.S.C. § 2201-02 and 42 U.S.C. § 1983.

6. Venue in this Court is proper under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims arose in this district and division and because DeKalb County is located within this district and division.

FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

7. Plaintiff Miko is a resident of Cobb County, Georgia. Plaintiff is a concerned and active citizen that has voiced opposition to legislation co-sponsored by Defendant Jones.

8. Plaintiff Miko wishes to engage in constitutionally protected speech within the designated or limited public forum created by Defendant Jones for citizens. Plaintiff wishes to express his beliefs and viewpoints to a State Representative, to the staff who view the page, and to constituents and other citizens of State Representative Jones' who debate and comment on such matters of public concern in this forum.

*Defendant's Facebook Page*

9. The Facebook page https://www.facebook.com/vernon.jones/1694 (hereinafter referred to as "Defendant's Facebook Page" or "the Page") was a designated or limited public forum for State Representative Vernon Jones on the social media platform Facebook. *See Exhibit A.*

10. The page was created prior to March 5, 2020. *See Exhibit A.*

11. The page has since been blocked from the general public.

12. On information and belief, the Page was being used by hundreds of people to express their political viewpoints to Representative Jones.

13. Interacting with citizens on the Page, Vernon Jones clearly identified himself as a state representative. *See Exhibit A*.

14. The posts and content of Defendant's Facebook Page concern his elected government position and his work related thereto.

15. Defendant Jones regularly responded to constituents with arguments about his work.

16. Defendant Jones separately created a Facebook page designating him as a public figure on April 15, 2020, at www.facebook.com/repvernonjones (hereinafter "Defendant's Public Figure Page". *See Exhibit B*.

17. Defendant's Public Figure Page has only been active at the time of writing for three weeks, and contains several announcements.

18. Defendant's Facebook Page includes posts by other users engaging in public debate on matters of public concern, and specifically legislation and political views espoused by Defendant Jones.

19. Any Facebook page owner has the ability to delete comments of others and block their use, which includes preventing another person's ability to make additional

comments or use other interactive features of Facebook, such as "liking" posts. Other Facebook users can delete their own posts on another user's page, but cannot delete or block the posts of others.

20. The sudden creation of the new Defendant's Public Figure page and the blocking of public access to the prior page indicates that the prior Facebook page functioned similarly to the new public page – as a place for citizens to discuss Vernon Jones' political and legislative efforts directly with him and with other citizens.

21. Blocking a specific user from a Facebook page prevents that individual from making further comments and engaging in further political dialog with the owner of the page and with other Facebook users.

22. Defendant has censored Plaintiff and other citizens by blocking them from having access to his page.

23. Defendant blocks users because of their disagreement with his viewpoint.

24. Defendant has censored Plaintiff and other citizens by "blocking" them from making any further posts on the Facebook Page. Defendant, as a matter of policy and practice, routinely and customarily censored the protected speech of citizens on the Facebook Page solely because the speech was in opposition to Defendant Jones or his political views.

25. In mid-April, Defendant, an elected democrat, announced his endorsement for President Trump's second term. This prompted widespread backlash from Democrats and, as a result, on April 22, 2020, Defendant announced his resignation from office effective immediately. Defendant also withdrew his bid for re-election for the Georgia House of Representatives.

26. The next day, on April 23, 2020, Defendant recanted his resignation decision. Defendant's bid for re-election remains withdrawn. As of yet, Defendant remains in office.

### *Blocking Plaintiff from Facebook Page Because of His Viewpoint*

27. On or about March 4, 2020, Plaintiff engaged with Defendant Jones, via the Facebook Page. Plaintiff posted a link to a news article about HB 1083, an immigration-related bill co-sponsored by Defendant Jones. Plaintiff added his concern about the nature of the legislation in question and a criticism that Defendant was betraying the values of the Democratic Party, of which Defendant Jones is a member. *See Exhibit A.*

28. On the same day, Defendant Jones responded in a "reply" comment by defending his position, arguing that the bill was a positive measure that both Democrats and Republicans should support.

29. In response, Plaintiff posted a reply comment challenging Defendant Jones' defense of the bill.

30. Defendant Jones responded and suggested that Plaintiff Miko was challenging Jones' "independent thought".

31. Plaintiff again replied and expressed confusion about Jones' previous comments. Plaintiff again criticized the bill and suggested that Plaintiff would support a primary challenger against Defendant Jones.

32. Defendant Jones responded with the words "Tomas Miko Put You."

33. Plaintiff Miko responded once more with a link to Defendant Jones' primary challenger's page as well as additional criticisms of Defendant Jones.

34. Plaintiff Miko sought to add additional information about the harmful policy effects of the bill in question to the exchange, only to find that he no longer had access to the page.

35. Not having technical access to the page is consistent with a Facebook user "blocking" another user and thereby depriving that individual of access.

36. As of at least March 26, 2020, the Facebook page, which was still active at that time, no longer showed any record of Plaintiff's exchange with Defendant Jones, indicating either that Defendant Jones had deleted the exchange or that the exchange had automatically been deleted when Defendant Jones blocked Plaintiff.

37. As a result of being blocked from the page, Plaintiff has been deprived of the ability to debate Defendant Jones, voice criticisms of Defendant Jones' policy records, or include his point of view in discussions taking place between Defendant Jones and other citizens in this forum by ensuring that his comments remain part of the page.

38. Plaintiff remains blocked from posting, "liking" and commenting on Defendant's Facebook Page, which was eventually made inaccessible to the public at large.

39. Plaintiff suffered and continues to suffer loss of First Amendment rights and distress as a result of this campaign of harassment, and intimidation.

40. Plaintiff is likely to suffer additional acts of censorship on the new Facebook page without the redress of this court.

*Others Blocked from State Representative Facebook Page*

41. Other citizens critical of Defendant Jones' views and policies also reported being blocked from access to his Facebook page based on their points of view. *See Exhibit C*.

42. On March 10, 2020, in response to insensitive comments that Defendant Jones allegedly made to Stephe Koontz, a transgender member of the Doraville City Council, Amy Parker Zupancic criticized Defendant Jones on his page and asked him to apologize to the city councilmember.

43. In a comment on Ms. Koontz' page, Ms. Zupancic reported that she was blocked from Defendant Jones' page.

44. Also in response to Defendant Jones' comments to Ms. Koontz, Jennifer Dante left several comments on Defendant Jones' page that criticized Defendant Jones' comments toward Ms. Koontz.

45. Ms. Dante reported on Ms. Koontz's page that Defendant Jones had blocked her from Defendant's Facebook Page.

46. Reid Jones posted on Defendant's Facebook Page a public call for Defendant Jones to apologize and resign regarding his treatment of Ms. Koontz.

47. Mr. Jones subsequently reported being blocked on Ms. Koontz' page.

48. On information and belief, all of these conversations were scrubbed from Defendant Jones' Facebook page and removed all viewpoints in opposition to Defendant Jones' political views, prior to making the entire page private. This created the appearance that no public opposition existed to Defendant Jones' viewpoints.

49. Defendant Jones banned and/or deleted comments and/or blocked Plaintiff and other citizens from the Facebook Page solely because their viewpoint was in opposition to or critical of his viewpoint.

## CLAIMS FOR RELIEF

### Count I
*Retaliation for Exercise of First Amendment Free Expression under 42 U.S.C. § 1983*
(Against Defendant in his individual capacity)

50. Count I incorporates by express reference factual allegations in paragraphs 1, 2, 7-49 set forth above.

51. Plaintiff engaged in constitutionally protected speech in opposition of Defendant Jones' co-sponsorship of HB 1083.

52. Defendant silenced Plaintiff's protected speech and censored Plaintiff's speech by denying him the right to speak publicly on Defendant's Facebook Page, which was Defendant's primary Facebook page for public engagement at the time.

53. Such conduct would deter a person of ordinary firmness from the exercise of First Amendment rights. Moreover, the blocking of Plaintiff from posting on Defendant's Facebook Page prevents Plaintiff from exercising his First Amendment rights and is a prior restraint on speech.

54. Plaintiff was damaged both by the blocking which prevented First Amendment activities, and the associated deletion of prior comments, which erased his protected speech.

## Count II
### *Violation of Plaintiff's First and Fourteenth Amendment Right to Free Speech under 42 U.S.C. § 1983*
(Against Defendant in his individual and official capacities)

55. Count II incorporates by express reference factual allegations in paragraphs 7 - 49, 50-54 set forth above.

56. Speech utilizing Facebook and other social media pages for governmental bodies is subject to the same First Amendment protections as any other speech.

57. Defendant's banning of Plaintiff and removal of his comments from the Facebook Page violates Plaintiff's right to freedom of expression because it imposes viewpoint-based restrictions on Plaintiff's participation in a designated or limited public forum.

58. Defendant's lack of standards for blocking posters or censoring posts lead to unbridled discretion in decision-making in violation of the First and Fourteenth Amendments and content and viewpoint restrictions on speech in violation of the First Amendment.

59. By banning Plaintiff and/or by deleting his comments from the Facebook Page, Defendant has both directly and implicitly chilled Plaintiff's free expression, as well as that of all citizens.

60. By banning Plaintiff and/or deleting his comments from the Facebook Page, Defendant has created a prior restraint on Plaintiff's free expression, as well as that of other citizens.

61. Defendant violated and continues to violate a clearly established constitutional right – the right to speak freely on topics relevant to the government in a government-established forum, and particularly an online social-media-based forum – of which all reasonable government officials should have known.

62. Plaintiff is denied this right to free expression each time he is prevented from commenting or otherwise interacting in any way on the Facebook Page.

63. The denial of constitutional rights is irreparable injury *per se*, and Plaintiff is entitled to declaratory and injunctive relief to restore his access to Defendant Jones' Facebook Page.

64. Additionally, Plaintiff experienced emotional, reputational and other injuries as a consequence of being denied his First Amendment rights for a sustained period of time on issues of critical importance to him and the public at large.

**Count III**
*Declaratory and Injunctive Relief under 28 U.S.C. § 2201, et seq.*
(Against Defendant in his official capacity)

65. Count III incorporates by express reference paragraphs 1, 2, 7 through 49, 51-54, and 56-59 set forth above.

66. An actual controversy exists between Plaintiff and Defendant concerning Plaintiff's rights under the United States Constitution. A judicial declaration is necessary and appropriate as to Count II above.

67. Plaintiff alleges that Defendant's actions violate the First and Fourteenth Amendments to the United States Constitution.

68. Plaintiff seeks a declaration that Defendant Jones' censorship of posts with contrary viewpoints or critical of Defendant Jones on any page in which Defendant Jones interacts with the public in his capacity as a Representative is unconstitutional and violates Plaintiff's rights to freedom of speech under the First and Fourteenth Amendments to the United States Constitution.

69. Plaintiff seeks injunctive relief requiring Defendant to (1) Enjoin the unlawful practice of censoring Plaintiff's comments on the Facebook pages due to his viewpoint (2) Enjoin the current unconstitutional and standardless practice of deleting comments and blocking posters; (3) restore Plaintiff's posting privileges that were blocked and afford Plaintiff full access afforded any other citizen to the Facebook Pages.

# REQUEST FOR RELIEF[1]

WHEREFORE, on the basis of the foregoing, Plaintiff respectfully prays that this Court:

a) Assume jurisdiction over this action;

b) Hold a trial by jury on all issues so triable;

c) Declare Defendant's viewpoint-based censorship of Plaintiff from Defendant's Facebook Pages to be unconstitutional;

d) Enjoin Defendant's unlawful practice of censoring Plaintiff's comments due to Plaintiff's viewpoint on any Facebook pages in which Defendant interacts with the public as a state actor;

e) Enjoin Defendant's current unconstitutional and standardless practice of deleting activity and banning users due to their content or viewpoint from on any Facebook page in which Defendant interacts with the public as a state actor;

---

[1] **Plaintiff does not seek an immediate hearing** on the contemporaneously filed motion for preliminary injunction in light of the current COVID-19 emergency and circumstances surrounding the movement restrictions of the Court, its personnel and the parties involved. Plaintiff will work with Defendant's counsel and this Court to establish a workable timeframe to address the issues raised in the Complaint and motion for preliminary injunction.

f)    Enter an injunction restoring Plaintiff's posting privileges that were blocked and afford Plaintiff full access to Defendant's Facebook pages;

g)    Award general and special compensatory damages to Plaintiff in an amount determined by the enlightened conscience of fair and impartial jurors;

h)    Award punitive damages against Defendant Jones in his individual capacity;

i)    Award reasonable attorney's fees, expenses, and costs of litigation pursuant to 42 U.S.C. § 1988 and other applicable law; and

j)    Award such other and further relief as this Court deems just and proper.

Respectfully submitted this 19th day of May, 2020.

| /s/ Gerald Weber<br>Gerald Weber<br>Georgia Bar No. 744878<br><br>LAW OFFICES OF GERRY WEBER, LLC<br>Post Office Box 5391<br>Atlanta, GA 31107<br>404-522-0507<br>wgerryweber@gmail.com | /s/ Amith Gupta<br>Amith Gupta<br>Georgia Bar No. 149222<br><br>AMITH GUPTA, ESQ.<br>848 Spring St. NW, 812-C<br>Atlanta, GA  30308<br>408-355-5782<br>amithrgupta@gmail.com |
|---|---|

/s/ Craig Goodmark
Craig Goodmark
GA Bar No. 301428

GOODMARK LAW FIRM
1425 Dutch Valley Place Suite A
Atlanta, GA  30324
404-719-4848
cgoodmark@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TOMAS MIKO,<br><br>  *Plaintiff*,<br><br>v.<br><br>REPRESENTATIVE VERNON JONES,<br>in his individual and official capacities,<br>  *Defendant*. | CIVIL ACTION<br>FILE NO. |

**VERIFICATION OF PLAINTIFF TOMAS MIKO**

  I, Mr. Tomas Miko, appearing before the undersigned officer and after being first duly sworn, depose and state on oath and under penalty of perjury that the facts set forth in the foregoing Complaint are true and correct.

  This certifies that this verification is true and correct upon pain and penalty of perjury. See, 20 U.S.C. § 1746.

                    _____

                     Tomas Miko