IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TOMAS MIKO,
    Plaintiff,

        v.

REPRESENTATIVE VERNON JONES,
    Defendant.

Civil Action No.
1:20-cv-02147-SDG

## OPINION AND ORDER

This matter is before the Court on Defendant Vernon Jones's motion for relief from default judgment [ECF 42]. For the following reasons, the motion is **DENIED**.

## I.    Background

This case arises on Jones's post-judgement request for extraordinary relief from default judgment, which contains allegations of insufficient process and accusations of fraud and misrepresentation. Following an evidentiary hearing the Court orally denied Jones's motion on March 2, 2023, and reduces its oral findings to writing now.[1]

---

[1]    ECF 52. The Court recognizes that, on March 15, 2023, Jones appealed the Court's entry of judgment and oral denial of his motion for extraordinary relief. ECF 53. While an appeal ordinarily divests a district court of jurisdiction over those aspects of the case involved in the appeal, the Court's reduction of its oral order to writing, explaining its findings with citations to the governing law, "acts in aid of appellate review" and is properly within the Court's

On May 19, 2020, Miko initiated this action, alleging claims under 42 U.S.C. § 1983 against Jones for the violation of Miko's First Amendment rights.[2] On July 9, 2020, the Clerk issued a summons for Jones,[3] but Miko was not able to locate him. As Jones testified, he was frequently traveling out of state during this time to avoid the political blowback that resulted from his endorsement of former President Donald J. Trump. After the Court granted Miko an extension of time to effect service,[4] Miko filed a proof of service on January 15, 2021, reflecting personal service on Jones as of November 28, 2020.[5]

After Miko filed proof of service, Jones neither appeared nor answered. On April 5, 2021, Miko moved for default judgment against Jones for the alleged violation of Miko's First Amendment rights.[6] On June 9, 2021, the motion was denied without prejudice, and the Court directed the Clerk to mail a copy of its Order to a post office box address thought to belong to Jones and to Jones's last

---

jurisdiction. *In re Mosley*, 494 F.3d 1320, 1328 (11th Cir. 2007) (citations omitted).

[2]   ECF 1.

[3]   ECF 10.

[4]   ECF 18.

[5]   ECF 20.

[6]   ECF 24.

known home address.[7] On June 22, 2021, Miko filed a second motion for default judgment.[8] On February 17, 2022, the Court granted Miko's motion in part and denied it in part, and directed Miko to serve a copy of the Order on Jones at his last known address.[9]

Miko filed proof of service of the February 2022 Order on February 23, 2022.[10] On March 14, 2022, the Court held an evidentiary hearing on Miko's damages as a result of the violation of his First Amendment rights by Jones, which, at that point, had been admitted by virtue of Jones's default.[11] On January 17, 2023, nearly one year after the evidentiary hearing on Miko's damages, the Court awarded Miko $45,653 in damages, costs, and fees.[12]

On January 27, 2023, days after the Court entered the default judgment award against Jones, Jones appeared and filed a Rule 60(b) motion for relief from

---

[7]   ECF 25.

[8]   ECF 27.

[9]   ECF 29.

[10]  ECF 30.

[11]  ECF 35.

[12]  ECF 38; ECF 39.

judgment and the Court's prior orders.[13] On March 2, 2023, the Court held an evidentiary hearing on Jones's motion.[14]

## II.    Discussion

### A.    The Rule 60 Legal Standard

Rule 60(b) provides that—no more than one year after the entry of the challenged judgment or order—the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for any of the following reasons: (1)"mistake, inadvertence, surprise, or excusable neglect"; (2) newly discovered evidence that could not have been discovered "with reasonable diligence"; (3) "fraud[,] . . . misrepresentation, or misconduct by an opposing party"; (4) "the judgment is void"; (5) the judgment has been satisfied or released, or is "no longer equitable"; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)–(c)(1). Jones moves for relief from the Court's February 2022 and January 2023 Orders and entry of default judgment on the grounds that the Orders resulted from fraud, misrepresentation, or misconduct under Rule 60(b)(3) and are void for insufficient service under Rule 60(b)(4).[15] Jones does not move for

---

[13]    ECF 42.

[14]    ECF 52.

[15]    ECF 42.

relief on any other ground available under Rule 60(b), including its catchall provision.

Rule 60(b) relief is an extraordinary remedy. Generally, motions for relief under Rule 60(b) are committed to the Court's sound discretion. *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000) (denying relief under Rule 60(b)(6) as well). Denial of Rule 60(b) relief is proper unless the movant shows extraordinary circumstances and "demonstrate[s] a justification so compelling that the district court [is] required to vacate its order." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (cleaned up).

### B.    Jones's Rule 60(b)(3) Argument

Regarding Rule 60(b)(3), a "movant must prove fraud on the [C]ourt with clear and convincing evidence." *Henry v. City of Mount Dora*, 2022 WL 4282253, at *2 (11th Cir. Sept. 16, 2022). The alleged fraud on the Court must be more egregious in the Rule 60 context than under ordinary circumstances. *Id.* (citation omitted). The circumstances must be exceptional, such as in the case of bribery or evidence of falsification by an attorney. *Id.* (citation omitted).

Jones asserted in his brief and at the evidentiary hearing that (1) he could not have been served on November 28, 2020 because he was "flying from [Fort] Lauderdale, Florida, to Atlanta, Georgia" that day, and (2) he first learned of the

January 2023 Order when "someone forwarded [him] the Atlanta Journal-Constitution [AJC] article about it."[16] As proof of this argument, Jones tendered evidence of his flight from Fort Lauderdale and receipts and credit card statements showing purchases after he landed in Atlanta that place him in a bar away from the location of the purported service. The Court credits Jones's testimony about and evidence of the flight, as well as the evidence showing that he was at a bar for an unknown amount of time. But the Court does not find credible Jones's testimony that he learned of this lawsuit only after judgment was entered against him. The Court finds that Jones could have been served sometime after he flew back from Fort Lauderdale and, as detailed below, Jones likely had actual notice of this action long before he received notice of the AJC article.

The Court also credits the process server's statement and finds that Jones was served. At the evidentiary hearing, Jones did not call the process server as a witness; he merely complained that the process server did not indicate the time at which he served Jones. However, Jones offered little evidence beyond an itinerary for a short flight to Atlanta from Fort Lauderdale and a bar receipt to support his argument. Such evidence narrows the time at which Jones could have been served,

---

[16]    *Id.* at 4.

but it does little to refute the process server's account of his encounter with Jones. Most fundamentally, it does not at all prove fraud on the Court by clear and convincing evidence.

Of particular note, Jones (through his counsel) claimed that Miko's process server (and by extension, Miko's counsel) perjured himself by swearing that he served Jones on November 28, 2020.[17] The Court approaches accusations of fraud from one member of the Bar against another with grave seriousness. Here, however, the evidence of any misrepresentation is shamefully scant. In his brief and at the evidentiary hearing on his motion, Jones went to great lengths to argue that the "Mr. Jones" in fact served was not "Mr. Vernon Jones," and speculated that the served "Mr. Jones" could have been Jones's brother, a nephew, or any of the thousands of Joneses who populate Georgia. Suggestions and could-have-beens, however, are not evidence, let alone the clear and convincing evidence of fraud Jones was required to marshal to prevail post judgment. Jones's motion is **DENIED** on Rule 60(b)(3) grounds.

---

[17]   ECF 42-1, at 3.

### C.    Jones's Rule 60(b)(4) Argument

Rule 60(b)(4) of the Federal Rules of Civil Procedure provides that a court may relieve a party from an order or final judgment that is void. A judgment is "void" under Rule 60(b)(4) if it was rendered without jurisdiction of the subject matter or the parties or in a manner inconsistent with due process of law. *See, e.g., Oakes v. Horizon Fin., S.A.*, 259 F.3d 1315, 1319 (11th Cir. 2001) (citation omitted) (noting that "[i]t is well-settled that a mere error in the exercise of jurisdiction does not support relief under Rule 60(b)(4)"); *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661–62 (1st Cir. 1990) (explaining that the concept of void judgments must be narrowly construed to comport with the interests of finality, and noting that relief under Rule 60(b)(4) requires a total want of jurisdiction in contrast to an error in the exercise of that jurisdiction). Generally, an order is void only if "it is premised on a jurisdictional error ***depriving the court of even arguable jurisdiction***." *Henry v. City of Mount Dora*, 2022 WL 4282253, at *2 (11th Cir. Sept. 16, 2022) (emphasis added).

The burden to prove the judgment is void is not Miko's to bear—it was Jones's. To meet that burden, Jones offers several unavailing arguments, such as that Miko's process server "offered no photo or video evidence of seeing Jones at

the Lithonia residence"[18] and, that Miko has not provided the time at which Jones was served.[19] These arguments do not nearly satisfy the Rule 60(b)(4) standard.

Even if, as Jones argues, it were Miko's burden to prove that Jones is not entitled to extraordinary relief due to insufficient service, in pre-judgment circumstances, "[a] process server's return of service is presumed to be valid and satisfies a plaintiff's initial prima facie burden absent strong and convincing evidence presented to the contrary." *Bodyup Fitness, LLC v. 2080039 Ontario, Inc.*, 2008 WL 516996, at *3 (S.D. Fla. Feb. 23, 2008) (collecting cases). And Jones's testimony does not convincingly dispel the mountain of evidence of Miko's good faith efforts to serve process or otherwise notify Jones of this litigation, including when Miko:

- Emailed Jones's legislative counsel;

- Emailed Jones directly;

- Phoned Jones and left messages;

- Emailed Jones service papers and the complaint;

- Attempted personal service at Jones's last known address and legislative office, and later at Jones's last known address as reported by the Democratic

---

[18]   ECF 49, at 5.

[19]   *Id.* at 4.

> Party of Georgia where the process server observed a man matching Jones's description;
>
> - Engaged an investigator to surveil Jones to determine his current residence, who located a man matching Jones's description there, followed that man, and served that man who in fact answered to "Mr. Jones"; and
>
> - Filed proof of personal service with this Court and, at the Court's direction, mailed notice of the default judgment to multiple locations where Jones might reside.[20]

Most persuasively, Miko's process server, a private investigator with a background as a United States Army intelligence collector, supplied a sworn declaration attesting that:

> - The private investigator attempted to trace Jones's residence through public records, which uncovered multiple properties Jones "regularly frequents," and identified public locations where Jones would be available to receive service of process;[21]
>
> - The private investigator studied the physical characteristics of Jones so that he would recognize Jones;[22]

---

[20]   ECF 45, at 10–11.

[21]   ECF 20-1, ¶ 5.

[22]   *Id.* ¶ 6.

- The private investigator researched Jones's background and observed pictures and video footage of Jones, which the private investigator procured form the internet, to recognize Jones's appearance and identify his speech;[23]

- The private investigator surveilled the property thought to be Jones's residence, observed Jones there, and followed Jones from that location to a shopping center parking lot;[24]

- In the parking lot, the private investigator walked up to Jones and asked, "Mr. Jones, how are you today sir?";[25]

- Jones acknowledged the private investigator's greeting and responded in a voice the private investigator recognized as Jones's, acknowledged that he was Jones, and accepted service of the summons and complaint;[26]

- Only after Jones accepted service did he begin to deny that he was Vernon Jones, at which point the private investigator—who had studied pictures and video of Jones—confirmed his appearance and voice as that of Vernon Jones;[27] and

---

[23]   *Id.* ¶¶ 7–8.

[24]   *Id.* ¶ 10.

[25]   *Id.*

[26]   *Id.*

[27]   *Id.* ¶ 11.

- The private investigator swore, "with great confidence" and under penalty of perjury, that he served Jones.[28]

Considering Miko's process server's declaration, which the Court credits, Miko's efforts to effectuate service on Jones, and Jones's testimony, the Court reasons that Jones likely knew about the pendency of this litigation before judgment was entered and finds that service of process was effectuated. *Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube, Inc.*, 107 F.R.D. 665, 671 (S.D. Fla. 1985) ("To determine if service of process has been effective, courts necessarily examine the facts of each particular case. If the court finds that the defendant received notice of the complaint and the plaintiff made a good faith effort to serve the defendant pursuant to the Rule, then the court will most likely find that service of process has been effective."). Consequently, Jones's request for relief from judgment pursuant to Rule 60(b)(4) is **DENIED.**

---

[28]   *Id.* ¶ 12.

## III.     Conclusion

Jones's motion for relief [ECF 42] is **DENIED**. Miko's oral motion for leave to supplement his request for attorneys' fees is **DENIED WITHOUT PREJUDICE** given the pendency of Jones's appeal.

**SO ORDERED** this 27th day of March, 2023.

Steven D. Grimberg
United States District Court Judge