**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| TOMAS MIKO,<br>*Plaintiff*,<br><br>v.<br><br>REPRESENTATIVE VERNON JONES, in his individual and official capacities,<br>*Defendant*. | CIVIL ACTION FILE<br>NO. 1-20-cv-02147-SDG |

**PLAINTIFF'S BRIEF IN SUPPORT OF SUPPLEMENTAL MOTION FOR PREVAILING PARTY ATTORNEYS' FEES AND EXPENSES**

Plaintiff hereby submits this brief (and supporting documentation) in support of this request for costs and attorneys' fees reasonably expended after Plaintiffs prevailed by Order of Default [Doc. 39], and successfully defended the order on a motion to default in proceedings surrounding a motion to re-open default and subsequent appeal to the Eleventh Circuit. This motion is for fees and expenses after the Order of Default to defend that order in both this Court and the Eleventh Circuit.

**STATEMENT OF THE CASE**

In May 2020, Tomas Miko (Miko) filed a lawsuit because of Defendant's unlawful retaliation and censorship. Miko and Defendant, an elected official, serving as a State Representative engaged in a Facebook discussion where Miko expressed disagreement with aspects of Defendant's voting record as a Representative on

Facebook, and in response, Defendant removed Mr. Miko's dissenting comments and "blocked" him from participating further in the discussion before eventually closing down his Facebook page altogether and setting up a new one.

Miko took several steps to secure Defendant's participation in the lawsuit. Defendant evaded, avoided, and denied service several times from May 2020 through November 2020. Miko personally served Defendant with formal process on November 28, 2020. Defendant did not participate in the litigation. On January 17, 2023, this Court entered an order directing the entry of judgment "in favor of Miko against Jones" and awarded Miko damages, fees, and costs.

Defendant appeared and sought extraordinary relief under Rule 60 (b). The motion was denied after being fully briefed and an in-person evidentiary hearing held by this Court. Defendant appealed. Defendant's appeal failed, and the matter was remitted back to this Court for judgment's enforcement. This is a supplemental fee application for work after this Court's default judgment focused on Defendants Motion to Re-Open the Default as directed by this Court in the February 1, 2024 Order, Doc. 74.

## ARGUMENT AND CITATION OF AUTHORITY

The Supreme Court has explained that when a plaintiff succeeds in bringing a civil rights claim, "he serves as a private attorney general, vindicating

a policy that Congress considered of the highest priority." *Fox v. Vice*, 563 U.S. 826, 833 (2011) (internal quotation marks and citation omitted). Prevailing parties in civil rights actions are entitled to an award of attorneys' fees. 42 U.S.C. § 1988; *see also Hensley v. Eckerhart* 461 U.S. 424 (1983). 42 U.S.C. § 1988 "is interpreted broadly since it is remedial in nature and facilitates private enforcement of civil rights." *Webster Greenthumb Co. v. Fulton Cty.*, 112 F. Supp. 2d 1339, 1345 (N.D. Ga. 2000); *Lambreth v. Fulton Cty.,* 151 F. Supp. 2d 1364 (N.D. Ga. 2000).

Plaintiff is indisputably a prevailing party by virtue of the Order of Default and monetary judgment. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensle*y, 461 U.S. at 435; *Villano v. City of Boynton Beach*, 254 F. 3d 1302, 1308 (11th Cir. 2001) ("If the court determines that the result obtained was an excellent result, then the award of fees 'will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified.'"); *Association of Disabled Americans v. Neptune Designs, Inc.,* 469 F.3d 1357, 1359 (11th Cir. 2006).

Work of counsel to defend that judgment is fully compensable, including the Defendant's attempt to re-open the default and his later unsuccessful appeal of the denial of that motion. *See, e.g.*, *Mills v. Freeman*, 118 F.3d 727, 733-34 (11th Cir. 1997) (recognizing the well-settled judicial approval of attorney's fees for enforcing judgment); *Sierra Club v. Hankinson*, 351 F.3d 1358, 1359 (11th Cir. 2003) (same);

*Johnson v. City of Tulsa*, 489 F.3d 1089, 1109 (10th Cir. 2007); *Wyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999) ("a reasonable fee should be awarded for opposing the culpable defendant's unsuccessful post-judgment motions"); *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 767 (5th Cir. 1996) (allowing plaintiffs' attorney's fees for preventing "the defendants from undoing their previous work by disturbing the earlier judgment").[1]

## I. DETERMINING THE LODESTAR

Because Plaintiff is the prevailing parties in this § 1983 litigation, he is entitled to reasonable attorneys' fees. In determining an objective estimate of the value of a lawyer's services, this Court must multiply those hours reasonably expended by a reasonable hourly rate, or compute the "lodestar." *Hensley*, 461 U.S. at 433; *see also Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). Moreover, "[t]he Supreme Court has emphasized that the resulting figure is "more than a mere 'rough guess' of the final award." *Halderman v. Pennhurst State School and Hosp.*, 725 F. Supp. 861, 863 (E.D. Pa. 1989) (citing *Pennsylvania v.*

---

[1] A prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hopwood v. State of Texas,* 236 F.3d 256, 278 (5th Cir. 2000) (*citing Hensley,* 461 U.S. at 429). "[I]n the absence of special circumstances a district court not merely 'may' but must award fees to the prevailing plaintiff . . . ." *Ind. Fed. of Flight Attendants v. Zipes,* 491 U.S. 754, 761 (1989)).

*Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986)). Rather, it is "'*presumed* to be the reasonable fee' to which counsel is entitled." *Id.* (quoting *Blum*, 465 U.S. at 897) (emphasis in original); *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010) ("[T]here is a 'strong presumption' that the lodestar figure is reasonable.").

**A. Reasonable Hours**

In determining whether counsel expended a reasonable amount of time on the case, the Court looks first to the time claimed.

1. Time Expended.

The hours claimed or spent on a case are "[t]he most useful starting point for determining the amount of a reasonable fee." *Hensley*, 461 U.S. at 433. Counsel must exercise "billing judgment" in determining the hours reasonably expended on the merits, *Id.* at 437, and attorneys should be compensated for the time reasonably expended in seeking an award of fees from the court. *Johnson v. Univ. Coll. of Univ. of Ala. Birmingham*, 706 F.2d 1205, 1207 (11th Cir. 1983); *Johnson v. Mississippi*, 606 F.2d 635, 638 (5th Cir. 1979). Counsels' certification that the work itemized has in fact been performed is "entitled to considerable weight on the issue of time required . . . ." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988). Indeed, this Circuit has stated that "[s]worn testimony that, in fact, it

took the time claimed is evidence of considerable weight on the issue of the time required in the usual case and, therefore*, it must appear that the time claimed is obviously and convincingly excessive under the circumstances*." *Perkins*, 847 F.2d at 738 (emphasis added). Where "plaintiff's claims for relief ... involve a common core of facts or [are] based on related legal theories" the district court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 434.

Plaintiff's counsel have stated in their declarations that they maintained accurate and contemporaneous records of time spent and expenses incurred in this matter. Counsel further declare that they have carefully reviewed their time sheets and exercised prudent billing judgment with regards to the billable time and out-of-pocket expenses claimed. *Weber Second Decl*. ¶ 4; *Goodmark Second Decl*. ¶¶ 4-5; *Gupta Second Decl*. ¶ IV; See also, See *Declaration of Cary Wiggins*, ¶18.

As the time records reflect, counsels' hours represent a specific division of labor and were reduced for any time that could be construed as "excessive, redundant or inefficient." *Id*.; *see also In Re Domestic Air Transp. Antitrust Litig*., 148 F.R.D. 297, 354 (N.D. Ga. 1993). Plaintiffs have also documented time by task, and reduced certain time entries, and further reduced the lodestar both by distributing tasks among counsel, and by allocating tasks to lower rate counsel

where appropriate.[2]

2. The *Johnson* Factors.

Although the Eleventh Circuit has followed Supreme Court precedent in abandoning the test set forth in *Johnson* in favor of the lodestar formula, it is still useful to consider the twelve factors in calculating a reasonable fee. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *Cain v. Alemco USA, Inc.*, No. 1:12–CV–3296–TWT, 2014 WL 2158413, at *1 (N.D. Ga. May 23, 2014) (considering *Johnson* factors).

At least five *Johnson* factors - the time and labor required; the novelty and difficulty of the case; the amount involved and the result obtained; the skill of the attorneys requisite to perform the legal service properly; and the experience, reputation, and ability of the attorneys - should be considered in assessing the reasonableness of the hours claimed. *See generally Norman*, 836 F.2d at 1299–02.

---

[2] It is also worth noting that the leader of this legal team, Mr. Weber, has had the reasonableness of his time and expenses, as well as their demarcation of merits and fees litigation, addressed in previous orders in the Northern District of Georgia and recently in the Eleventh Circuit. ***Error! Main Document Only.****M.H. v. Commissioner of Georgia Dept. of Community Health*, 656 Fed. App'x. 458 (11th Cir. 2016); *see also* Doc. 34-2, *Weber Decl*. Exhibit C. These decisions provide detailed review of both the reasonableness of time expended on the merits and the efficiency of adjudication of the prevailing party fee stage of litigation. For example, in *M.H.*, full hourly rates and nearly all requested time was awarded.

a. Time and Labor Required.

In making a fee request, "[c]ounsel . . . should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *Norman*, 836 F.2d at 1301. Counsel should provide in the fee request the hours spent "with sufficient particularity." *ACLU v. Barnes*, 168 F.3d 423 (11th Cir. 1999). As previously noted, Plaintiffs' counsel have affirmed that they have carefully reviewed their time records and exercised prudent billing judgment with regard to the billable time and out-of-pocket expenses claimed. *Weber Second Decl*. ¶ 4; *Goodmark Second Decl*. ¶¶ 4-5; *Gupta Second Decl*. ¶ IV; *Wiggins Decl*., ¶15-17.

b. Novelty and Difficulty of the Issues Presented.

In determining a reasonable attorney fee, this Court should consider the novelty and difficulty of the questions presented in this case and the skill requisite to perform the services properly. *See Blanchard v. Bergeron*, 489 U.S. 87, n.5 (1989) (*citing Johnson,* 488 F.2d at 717-19). While the facts were relatively straightforward, the legal issues were complex and sometimes novel because social media blocking cases have led to recent and frequent litigation. Moreover, the default judgment issues here were complicated, and the hearing on re-opening the default and subsequent appeal required careful and specific

presentation of facts regarding service. *Wiggins Decl.*, ¶15-16.

c. <u>The Amount Involved and the Results Obtained.</u>

As the Eleventh Circuit explained, where all the theories of recovery arise from a common core of facts, a district court should focus on "the significance of the overall results as a function of total reasonable hours." *Norman,* 836 F.2d at 1302. The public benefit advanced by civil rights litigation is far more important than the amount of money received. *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1989) ("Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms."). Attorney fees analysis should "encompass not only a comparison of the relief requested to that recovered, but also a determination of whether public interests have been served by resolution of the dispute." *Walker v. Crigler,* 145 F.3d 1327 (4th Cir. 1998) (unpublished opinion) (*citing Sheppard v. Riverview Nursing Center, Inc.*, 88 F.3d 1332, 1336 (4th Cir. 1996)); *see also Webster Greenthumb Co.*, 112 F. Supp. 2d at 1376–89 ("[T]he most important factor is the results obtained," and enhancement may be appropriate for public advancement "spillover benefits for non-parties."); *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223 (10th Cir. 2001) (attorney fees to civil rights claimant to be construed broadly to allow recovery when attorneys are encouraged to represent civil rights clients, important right is

affirmed, or need to improve or change conduct is established).

At the end of the day, the results achieved for Plaintiff included *all* of the relief sought at the outset of the case that was still possible after Mr. Jones left office.[3] Such a favorable result benefits not only the instant Plaintiff, but also the community more broadly. The results obtained in this case were excellent. Plaintiff should therefore receive the full amount of attorneys' fees requested for successfully prevailing in this case.

d. Skill and Expertise of the Attorneys and the Experience, Reputation, and Abilities of the Attorneys.

Detailed information regarding the skill and expertise of Plaintiffs' counsel is contained in the Declarations of Counsel, their expert, and in the discussion of reasonable hourly rate. *Weber Second Decl*. ¶ 1-2; *Goodmark Second Decl*. ¶ 2; *Gupta*

[3] *See Koster v. Perales*, 903 F.2d 131, 135 (2nd Cir. 1990) (awarding full measure of attorney fees', although settlement agreement required defendant to do no more than he was obligated to do by law before litigation began because "[p]laintiffs . . . obtained the relief contemplated at the outset of the litigation."); *see also Hewitt v. Helms*, 482 U.S. 755, 761 (1987) ("At the end of the rainbow lies not a judgment, but some action (or cessation of action) by the defendant that the judgment produces . . . ."); *see also Hensley* 461 U.S. at 435 ("[T]he court's rejection of *or failure to reach certain grounds* is not a sufficient reason for reducing a fee. The result is what matters.") (emphasis added); *Webster Greenthumb*, 112 F. Supp. 2d at 1346, 1351–52 ("one need not succeed on all claims" and those arising from a "common core of facts" are compensable even if not successful)*; Brooks v. Georgia State Bd. of Elections*, 997 F.2d 857, 861 (11th Cir. 1993) ("compensable time for purposes of these fee statutes is that time spent *'on the litigation.'*") (emphasis in original).

*Second Decl*. ¶ I; *Wiggins Decl.,* ¶10-14. Plaintiffs' legal team included counsel with significant civil rights, constitutional tort litigation, and First Amendment experience. *Id.*[4] Finally, the time expended was lessened by the experience of counsel in prior social media blocking cases involving public officials.[5]

**B. Reasonable Hourly Rate.**

In assessing a reasonable hourly rate for Plaintiff's counsel, this Court must evaluate the attorneys' "knowledge of trial practice and knowledge of the substantive law." *Norman*, 836 F.2d at 1301. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id*. at 1299. In short, the rate should "reflect what an attorney with similar experience, background, skill, and reputation would charge under the same circumstances."

---

[4] Previous district courts and the Eleventh Circuit have found that Mr. Weber's and Mr. Goodmark's efforts in other cases against government defendants are reasonable and efficient in the time expended. See *Weber Second Decl* Ex. C (prior fee awards). For Mr. Goodmark's prior fee awards, *see also*, *J.F. v. Fulton County School District*, No. 1:2020-cv-01673; *Swain v. Valdosta City School District*, No. 7:2012-cv-00146 (M.D. Ga. 2012); *Hubbard v. Clayton County School Dist*., 756 F.3d 1264 (11th Cir. 2014); *Barrett v. Walker County School District*, 4:2015-cv-00055 (N.D. Ga. 2015).

[5] See *Biederman v. Ehrhart*, No. 1-2020-cv-01388 (N.D. Ga. 2020); *Durand v. Echols*, No. 1-2022-cv-04548 (N.D. Ga. 2022); *Herndon v. Warren* et al, 1-2019-cv-05039 (N.D. Ga. 2019); *Szilagyi v. Johnson*, No. 4-2020-cv-00165 (S.D. Ga. 2020).

*In re Chicken Antitrust Litig.*, 560 F. Supp. at 971; *In re Domestic Air Transp. Litig.*, 148 F.R.D. at 355; *Pub. Interest Group of N. J., Inc. v. Windall*, 51 F.3d 1179, 1185 (3rd Cir. 1995). The market rate applies whether the attorney is in public interest or private practice. *Mason v. Pierce*, 806 F.2d 1556, 1557-58 (11th Cir. 1987). Here, this Court has previously awarded similar hourly rates earlier in this litigation that are consistent with historically awarded rates. *Weber Decl*. Exhibit C (prior fee awards).

1. *Johnson* Factors Relevant to Hourly Rate.

As noted above, a review of the factors delineated in *Johnson* is still deemed useful in calculation of a reasonable fee. *Norman*, 836 F.2d at 1299. "[T]he district court may wish to consider any of the *Johnson* factors to the extent that they suggest that comparables offered may not be relevant to the issues before the court or as they may affect the weight to be given to the comparables being offered the court." *Id.* at 1299–1300. The factors which are most relevant to the reasonableness of a requested hourly rate in this case are discussed below.

a. The Customary Fee.

There is no doubt that the prevailing attorneys' own customary or usual billing rates are an "appropriate factor to be considered by the court." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). This Court has described the customary fee as

the "best evidence" of hourly rate.[6] Here, the rates are consistent both with fee-paying client rates of counsel and historically awarded rates of courts. *Weber Second Decl*. ¶ 2 and Ex. C; *Goodmark Second Decl*. ¶ 2-3; *Gupta Second Decl*. ¶ III.

b. <u>Experience, Reputation, and Ability of Attorneys</u>.

The experience, reputation and ability of counsel are set forth in the attached Declarations and weigh heavily in favor of their offered hourly rates. *Weber Second Decl*. ¶¶1-2 and Ex. C; *Goodmark Second Decl*. ¶1-2; *Gupta Second Decl*. ¶I; *Wiggins Decl*., ¶10,11,14. Moreover, this Court has already awarded similar rates to these counsel.

c. <u>The Nature and Length of the Professional Relationship with the Client.</u>

The Fifth Circuit has stated that a lawyer "may vary his fee for similar work

---

6 *Webster Greenthumb*, 112 F. Supp. 2d at 1368; *Carey v. Rudeseal*, 721 F.Supp. 294, 298 n.5 (N.D. Ga. 1989) ("'relevant community' for purposes of this fee petition is the Northern District of Georgia"); *Knight v. Alabama*, 824 F.Supp. 1026, 1027 n.1 (N.D. Ala. 1993) ("relevant legal community is the area where the court sits"). Plaintiffs' counsel are entitled to be compensated at an hourly rate consistent with "the prevailing rate for lawyers of [their] qualifications and experience in comparable complex litigation." *Plyler v. Evatt*, 902 F.2d 273, 278 (4th Cir. 1990); *see also Hensley*, 461 U.S. at 430 n.4 ("It is intended that the amount of fees awarded . . . be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases[,] and not be reduced because the rights involved may be nonpecuniary in nature." (quoting S.Rep. No. 94–1011, p. 6 (1976), U.S.Code Cong. & Admin.News 1976, pp. 5908, 5913 and *Johnson*)).

in the light of the professional relationship of the client with his office." *Johnson*, 488 F.2d at 719. This factor does not apply to this case in such a way as to suggest reduction of the fees for which Plaintiffs apply. This factor may, however, be relevant to any comparison between the hourly rates charged by Plaintiff's counsel and those charged by defense counsel in this or similar cases. As the *Norman* court recognized, "it is not unusual for a law firm representing a governmental entity on an ongoing basis to charge substantially lower hourly rates than would be charged for representation in a single case. Where the facts show this, the fee charged by a government attorney is simply irrelevant to the establishment of a reasonable hourly rate for a plaintiff's civil rights lawyer." *Norman*, 836 F.2d at 1300; *Brooks*, 997 F.2d 857 ("[T]he hourly rate at which opposing counsel was paid is of little or no relevance"). In sum, rates are reasonable. See *Wiggins Decl.*, ¶18.

**C. <u>Reasonable Expenses</u>**.

Plaintiff also seeks an award of expenses. *Loranger v. Stierheim*, 3 F.3d 356, 363 (11th Cir. 1993), *vacated on other grounds*, 10 F.3d 776 (11th Cir. 1994); *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983) ("[A]ll reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under § 1988."); *Ryder Truck Lines, Inc.*

*v. Goren Equip. Co.*, 576 F. Supp. 1348 (N.D. Ga. 1983). Such expenses should be approved.

## CONCLUSION

For the reasons set forth herein, and upon the record in the case, Plaintiff submits that this request for supplemental reasonable attorneys' fees and expenses be granted. The amounts of supplemental fees and expenses (beyond those awarded already by Order of Default [Doc. 39]) sought are summarized on Exhibit 2 attached.

Respectfully submitted this the 12th day of February, 2024.


| | |
|---|---|
| /s/ Gerald Weber<br>Gerald Weber<br>Georgia Bar No. 744878<br><br>LAW OFFICES OF GERRY WEBER, LLC<br>Post Office Box 5391<br>Atlanta, GA 31107<br>404-522-0507<br>wgerryweber@gmail.com | /s/ Amith Gupta<br>Amith Gupta<br>Georgia Bar No. 149222<br><br>AMERICAN TRIAL LAW LITIGATORS, LLC<br>AMITH GUPTA, ESQ.<br>925B Peachtree St. NE #2151<br>Atlanta, GA 30309<br>408-355-5782<br>amithrgupta@gmail.com |

| | |
|---|---|
| /s/ Craig Goodmark<br>Craig Goodmark<br>GA Bar No. 301428<br><br>GOODMARK LAW FIRM<br>1425 Dutch Valley Place Suite A<br>Atlanta, GA 30324<br>404-719-4848<br>cgoodmark@gmail.com | |

**EXHIBIT A**

**SUMMARY**
**SUPPLEMENTAL ATTORNEY**
**HOURS AND EXPENSES**

(Beyond those awarded already by
Order of Default [Doc. 39])

---

**Attorney Hours:**

| Attorney | Reduced Hours | Rate | Total |
|---|---|---|---|
| Gerald Weber | 83.0 | $ 560.00 | $ 46,486.00 |
| Craig Goodmark | 82.1 | $ 450.00 | $ 36,945.00 |
| Amith Gupta | 14.8 | $ 250.00 | $ 3,700.00 |
| Attorney Subtotal | 179.9 | | $ 90,131.00 |

**Expenses:**

| Expenditure | Cost |
|---|---|
| Printing/Copies for 11th Cir. | $ 312.00 |
| | |
| | |

**Total Attorney Hours and Expenses (Supplemental): $90,443.00**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I electronically filed the foregoing Plaintiffs' Brief in Support of Supplemental Motion For Prevailing Party Attorneys' Fees And Expenses and its attachments with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

In addition, I hereby certify that Plaintiffs have sent this filing via (1) email and (2) U.S. mail to Defendant at the last known addresses identified by Defendants in Document 71.

This 12th day of August, 2024.

<u>/s/ Gerald Weber</u>
Gerald Weber
Georgia Bar No. 744878