**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| TOMAS MIKO,<br>*Plaintiff*,<br><br>v.<br><br>REPRESENTATIVE VERNON JONES, in his individual and official capacities,<br>*Defendant*. | CIVIL ACTION FILE<br>NO. 1-20-cv-02147-SDG |

# SECOND DECLARATION OF GERALD WEBER

Personally appeared. GERALD WEBER, who, states and declares under penalty of perjury as follows:

1.My name is Gerald Weber. I am a member of the State Bar of Georgia, Senior Staff Counsel for the Southern Center for Human Rights, a part-time private practitioner in constitutional litigation with Law Offices of Gerry Weber, LLC and an Adjunct Professor of Constitutional Litigation at the Emory University School of Law and First Amendment Law and Media Law at Georgia State University College of Law. I also served for 17 years as Legal Director of the American Civil Liberties Union of Georgia. I am legally competent to make this affidavit and have personal knowledge of the facts set forth herein.

2. **<u>Attorney's Experience and Qualifications:</u>**

A. <u>Schooling.</u> In 1989, I graduated from the University of Georgia School of Law. In law school, I placed first in my graduating class and graduated *summa cum laude.* I served as the Symposium Editor for the *Georgia Law Review*, was a member of the Order of Coif, participated in various clinical programs involving public interest litigation, and worked during the summers for then Georgia State Court Judge Thelma Wyatt Cummings and the law firm of Dow, Lohnes and Albertson assisting in Constitutional litigation.

B. <u>Employment.</u> Upon graduation in 1989, I became a law clerk for the Honorable Chief Judge Carolyn Dineen King of the United States Court of Appeals for the Fifth Circuit. Then, upon completion of my year with Judge King, I began working for the law firm of Dow, Lohnes and Albertson in its Atlanta, Georgia office. My focus was constitutional litigation and open records cases for media clients. I was lead counsel or co-counsel on numerous cases in both federal and state court including the United States Court of Appeals for the Eleventh Circuit and Georgia Supreme Court.

In 1991, I became Legal Director of the American Civil Liberties Union of Georgia (ACLU). I served in that capacity for seventeen (17) years. I have served as lead counsel in numerous cases in state and federal court, including the

Eleventh Circuit and Georgia Supreme Court, involving significant Constitutional issues. See Exhibit D (Significant Cases Litigated/Resume).

I currently have a private practice centering on constitutional litigation, and serve as Senior Staff Counsel for the Southern Center for Human Rights in Atlanta. I am also an Adjunct Professor and a Clinical Supervisor at Emory School of Law, an Adjunct Professor at Georgia State University School of Law. I am a frequent lecturer at other law schools and at continuing legal education programs including the annual State Bar Conference, Bar/Media Conference, Georgia First Amendment Foundation and Section 1983 Seminar. Within the State Bar of Georgia, I was elected to serve as Chairperson of the Individual Rights Section and served as Chair of the State Bar=s Access to Justice Committee. I also serve on the Board of Directors of the Georgia First Amendment Foundation, and was a Barrister of the Joseph Henry Lumpkin Inn of Court. See also Twenty-One Young Lawyers Leading Us Into The 21st Century: Gerry Weber, 22 *American Bar Association Barrister Magazine* 27 (Summer 1995); Top Forty Georgian=s Under Forty: Gerry Weber, *Georgia Trend Magazine* (Oct. 1997); Taking on Goliath: Profile Gerry Weber, *Atlanta Business Chronicle* (June 2001).

C. Current Cases of Similar Complexity. I have routinely handled cases comparable to the instant case, and have drafted fee applications

frequently. A summary of significant decisions is incorporated herein and available at http://www.constitutional-litigation.com/Sigcas.html.

3. **Hourly Rate.** I am requesting my current hourly rate of $560.00 per hour for this case. This is the rate I currently use for hourly paying clients in constitutional cases statewide. About one-third of my Section 1983 cases are for clients paying a full hourly rate (between $500-$540), and for those cases in the full hourly rate category, I have been payed at this rate.

In my years of practice, I have billed out at similar hourly rates and been awarded similar hourly rates in dozens of statutory attorney fee cases by judges across the state. I believe that this rate is reasonable in light of my experience, qualifications and expertise. **Attached hereto as Exhibit "C" is a list of my previous fee awards and settlements under 42 U.S.C. ' 1988 and comparable statutes**. In judicial orders and settlements, I have historically been awarded at my full hourly rate.

4. **Hours and Expenses.** The document attached hereto as Exhibit "**A**" is a true and correct summary of fees and expenses incurred by me in this case to date. The document attached hereto as Exhibit "**B**" is a true and correct compilation of the contemporaneously made time records I have maintained for services performed in this case for which I ordinarily and customarily bill. These records

have been edited to reduce time entries which seem to me excessive, redundant or inefficient, and in accordance with the exercise of my prudent billing judgment, itemize the time actually spent and the tasks performed.

The billing herein represents a specific division of labor with co-counsel. It is my opinion that the amounts of billable time and expenses described represent a reasonably frugal use of attorney time and expenses, in light of the issues presented in this case, its factual posture, and the results achieved.

I have done several government-official social media blocking cases which has allowed me to expend less time on drafting pleadings and preliminary injunction briefs in particular. However, the default issues here were new to me, having only dealt with one default judgment in my prior 30 years of practice. Moreover, *all* of my billing after May 2020 was the direct result of Jones actions regarding service.

Also significant are the decade-plus of judicial orders and settlements where I have historically been awarded for nearly all hours expended. Most fee awards have been for at or near 100% of the hours requested. My work has historically been determined by both courts and opposing counsel to be frugal, reasonable and compensable. See Exhibit "**C**"

5. **Conclusion.** I have examined the case files and the hourly time records compiled in this matter against the background of the applicable standards for

determination of a reasonable attorneys' fee under 42 U.S.C. ' 1988. Consistent with the "lodestar" framework for analyzing attorneys' fees claims; the information contained herein, I believe, establishes the reasonableness of the fees and expenses sought. The opinions expressed in this affidavit are made in accordance with the standards currently applied under 42 U.S.C. ' 1988. So declared under penalty of perjury.

DATED: February 12th, 2024.

FURTHER DECLARANT SAITH NOT.

/s Gerald Weber
Gerald Weber

**Exhibit A:SUMMARY OF ATTORNEY HOURS AND EXPENSES**

Re: Miko v. Jones

---

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Gerald Weber | 110.3 | $560.00 | $61.768.00 |

Total Amount Due ……………………………………………………………………………………. $61,768.00

Previously Awarded amount [Doc 38 at 8]…………………….. $15,282.00

**Amount Sought in Supplemental Fee Application…..… $46,486.00**

**Payable to:**
**Gerald Weber**
**Post Office Box 5391**
**Atlanta, Georgia 31107**

**EXHIBIT B**
**ATTORNEY HOURS AND EXPENSES**
**GERALD WEBER**

Re: Miko v. Jones

---

| Date | Task | Hours |
|---|---|---|
| Case Development and Complaint/Preliminary Injunction: | | |
| 03/09/20 | Emails/Calls review docs client | 0.5 |
| 03/10/20 | Emails/Tel Confs client | 0.4 |
| | Draft memo re same | 0.3 |
| 03/11/20 | Emails/Review docs client | 0.2 |
| 03/15/20 | Emails client/co-counsel fact dev | 0.3 |
| 03/17/20 | Emails client/co-counsel fact dev | 0.2 |
| 03/19/20 | Emails client/co-counsel fact dev | 0.1 |
| 03/26/20 | Emails client/co-counsel claims | 0.3 |
| 04/14/20 | Emails client/co-counsel fact dev | 0.3 |
| 04/15/20 | Emails client/co-counsel fact dev | 0.1 |
| 04/18/20 | Emails client/co-counsel claims | 0.3 |
| | Review/Revise Complaint | 2.2 |
| | Emails w/ client re edits Complaint | 0.6 |
| 04/22/20 | Emails client/co-counsel claims | 0.3 |
| 04/23/20 | Emails client/co-counsel claims | 0.1 |
| 04/24/20 | Emails client/co-counsel claims | 0.3 |
| 04/25/20 | Emails client/co-counsel claims | 0.2 |
| 04/28/20 | Emails client/co-counsel new facts | 0.7 |
| 04/29/20 | Review/Revise PI | 3.7 |
| 05/04/20 | Revise PI and Complaint | 2.5 |
| 05/08/20 | Emails re Complaint/PI | 0.4 |
| 05/15/20 | Emails re Complaint/PI | 0.6 |
| 05/17/20 | Emails re Complaint/PI | 0.2 |
| 05/18/20 | Emails re Complaint/PI | 0.1 |
| 05/19/20 | Emails re Complaint/PI | 0.4 |

EXHIBIT B

**ATTORNEY HOURS AND EXPENSES**

**GERALD WEBER**

Re: Miko v. Jones

---

| Date | Task | Hours |
| --- | --- | --- |
| Service Issues: | | |
| 05/28/20 | Emails re service | 0.1 |
| 06/07/20 | Emails re service | 0.1 |
| 06/15/20 | Emails re service | 0.1 |
| 06/25/20 | Emails re service | 0.3 |
| 08/06/20 | Emails re service | 0.1 |
| 08/08/20 | Emails re service | 0.3 |
| 08/19/20 | Emails re service | 0.1 |
| 08/20/20 | Emails re service | 0.3 |
| 08/24/20 | Emails re service | 0.4 |
| 09/17/20 | Emails re service | 0.3 |
| 09/23/20 | Emails re service | 0.1 |
| 09/29/20 | Emails re service | 0.3 |
| 10/01/20 | Emails re service | 0.4 |
| 10/13/20 | Emails re show cause | 0.7 |
| 10/19/20 | Review/Revise Motion Extend Serv | 0.9 |
| 11/30/20 | Review Revise 2d Motion re serv | 0.8 |
| 01/06/21 | Emails client | 0.3 |
| 01/12/21 | Emails co-counsel | 0.2 |
| 01/15/21 | Emails service | 0.2 |

**EXHIBIT B**
**ATTORNEY HOURS AND EXPENSES**
**GERALD WEBER**

Re: Miko v. Jones

---

| Date | Task | Hours |
|---|---|---|
| Default Judgment Filing: | | |
| 02/19/21 | Emails re default | 0.6 |
| 02/24/21 | Emails re default | 0.3 |
| 03/15/21 | Emails re default | 0.2 |
| 03/16/21 | Emails re default | 0.4 |
| 03/22/21 | Emails re default | 0.3 |
| 03/23/21 | Emails re default | 0.1 |
| | Review/Revise Default | 2.8 |
| 03/25/21 | Review/Revise Default | 1.6 |
| 03/31/21 | Draft Fee Declaration | 0.7 |
| Default Judgment Hearing | | |
| 02/18/22 | Review Order/Tel Conf Client And emails re order | 0.9 |
| 02/23/22 | Emails re hearing | 0.2 |
| 03/06/22 | Research Damages | 1.4 |
| | Draft Damages Summary for Ct | 0.8 |
| | Review Miko statement | 0.3 |
| | Emails re same | 0.2 |
| 03/08/22 | Research/emails/filings review | 0.2 |
| 03/09/22 | Revise Miko direct draft | 0.5 |
| | Revise Hearing Brief | 0.4 |
| | Miko Zoom hearing prep | 0.5 |
| 03/14/22 | Miko Hearing | 1.0 |
| 01/17/23 | Review Order/Tel Conf co-counsel And client re same | 1.3 |

EXHIBIT B

**ATTORNEY HOURS AND EXPENSES**

**GERALD WEBER**

Re: Miko v. Jones

---

| Date | Task | Hours |
|---|---|---|
| Re-Open Default Filings/Hearing | | |
| 01/30/23 | Review D Default Reopen/emails | 1.1 |
| 01/31/23 | Emails and text re response | 0.3 |
| 02/01/23 | Review/Revise Post-Judgment Discovery | 0.4 |
| | Tel Conf CG/emails re Response Default | 0.3 |
| 02/08/23 | Review/Revise Response Re-open Mot | 2.9 |
| 02/09/23 | Research/Revise Response Re-Open Motion | 2.6 |
| 02/10/23 | Go through all docs, and revise Response Motion Re-Open Motion | 3.1 |
| 02/16/23 | Research cases re waiver Of service defense via notice | 1.8 |
| | Review all filings re notice | 2.9 |
| | Tel Confs CG re witnesses | 0.5 |
| 02/21/23 | Review Docs/Research addresses | 1.9 |
| | Draft Jones Cross | 2.8 |
| | Draft Supp Auth Sanderson | 1.3 |
| | Tel Confs co-counsel | 0.4 |
| 02/23/23 | Review CG edits/revise argument | 0.4 |
| | Organize Exhibits (1.7) | 0.5 |
| | Tel Conf/Emails client | 0.2 |
| 02/24/23 | Travel to/from meet | 0.6 |
| | Meet co-counsel and run through Cross (1.5) | 1.0 |
| | Revise Cross | 0.4 |
| 02/27/23 | Draft argument research re SOL etc | 1.8 |
| 02/28/23 | Research SOS and FEC websites Re candidacy docs and Also residency challenges | 2.3 |
| | Finalize Argument Map and Cross Map | 2.0 |

EXHIBIT B

**ATTORNEY HOURS AND EXPENSES**

**GERALD WEBER**

Re: Miko v. Jones

---

| Date | Task | Hours |
|---|---|---|
| Re-Open Default Filings/Hearing | | |
| 03/01/22 | Emails/texts w/ co-counsel | 0.2 |
| | Review order re hearing | 0.1 |
| 03/02/33 | Prep for and Hearing on Motion to Re-open/meet client | 3.5 |

EXHIBIT B

**ATTORNEY HOURS AND EXPENSES**
**GERALD WEBER**

Re: Miko v. Jones

---

| Date | Task | Hours |
|---|---|---|
| Discovery/Orders | | |
| 03/08/23 | Zoom re strategy/settlement | 0.4 |
| 03/27/23 | Review Supp Order | 0.9 |
| 03/31/23 | Review Discovery Response/emails | 0.3 |
| Appeal of Denial of Motion to Re-Open | | |
| 04/23/23 | Filings docs 11th/mediation emails And review | 0.3 |
| 04/27/23 | Review/Revise mediation statement | 0.8 |
| 05/11/23 | Meet with client | 0.6 |
| | Mediation 11th | 1.8 |
| 05/30/23 | Review/Revise Protective Order | 0.6 |
| 06/19/23 | Review Appellant Brief/Record Ex | 2.7 |
| | Research/Draft Appellee Brief | 4.3 |
| 06/20/23 | Research state/federal service Cases and related defaults | 3.6 |
| | Draft waiver, 60(b)(3) and (4) Arguments | 4.8 |
| 06/29/23 | Review, Research, Revise Statement of Facts | 2.4 |
| 07/17/23 | Revise V#2 Stment of Facts | 2.1 |
| 07/19/23 | Tel Conf CG and emails re brief And appendix | 0.3 |
| 07/24/23 | Review/Revise/Research additional Issues on full brief | 3.8 |
| 07/27/23 | Review/Revise new version of brief And add some short sections | 2.4 |
| 08/01/23 | Final Review/Edits | 1.3 |
| 08/23/23 | Review D Reply Brief | 1.3 |
| 09/07/23 | Review Order/emails client/counsel | 0.5 |

EXHIBIT B

**ATTORNEY HOURS AND EXPENSES**
**GERALD WEBER**

Re: Miko v. Jones

---

| Date | Task | Hours |
| --- | --- | --- |
| Settlement Attempts | | |
| 09/08/23 | Review/Revise Fee Order transfer | 0.2 |
| 10/03/23 | Zoom CG/Mike Jacobs re settlement | 0.5 |
| 10/20/23 | Settlement emails/call CG | 0.4 |
| 10/21/23 | Emails client re settlement | 0.2 |
| 12/19/23 | Review Jones letter/ Research draft mediation letter | 1.5 |
| 12/28/23 | Email client | 0.1 |
| | Draft Mediation Motion | 0.7 |
| Supplemental Fee Application | | |
| 02/01/24 | Review Order on Mediation | 0.2 |
| | Draft Fee Motion and Brief | 1.9 |
| 02/09/24 | Revise Fee Motion/Brief | 1.3 |
| | Review/Revise Expert Decl | 0.5 |
| 02/12/24 | Finalize Fee Application | 1.5 |

**Exhibit C**
**Previous Attorney Fee Awards: Gerald Weber**

Barrett v. Walker Cty. Sch. Dist., No. 4:15-CV-0055-HLM (N.D. Ga. 2018) (Murphy, J.) (Free Speech/Public Comment Rule: Order granting fees at $520/hour and 100% of fees requested awarded)

Williams v. City of Atlanta, No. 1:17-CV-1943-AT (N.D. Ga. 2018) (Totenberg, J.) (Free speech/Murals Ordinance: Order granting fees at $520/hour and 85% of fees requested awarded)

Georgia Advocacy Office v. Resse, No. 1:15-CV-3371 (N.D. Ga. 2017) (Totenberg, J.) (Rehabilitation Act: Order granting fees at $520/hour and 90% of fees awarded)

M.H. v. Commissioner of Georgia Dept. of Community Health, No. 15:14227 (11th Cir. July 27, 2016) (Medicaid: Order affirming grant of fees at $520/hour and 100% of fees awarded)

Berger v. Lawrence, No. 1:13-CV-3251-RWS (N.D. Ga. 2016) (Story, J.) (False Arrest: Order $520/hour and 100% of fees)

Moore v. Cooke, 2012 WESTLAW 5362892 (N.D. Ga. 2013) (Thrash, J.) (Disability/Medicaid: Order $475/hour and 100% of fees awarded)

Moon v. City of Jackson, No.: 5:11-cv-00180-CAR (N.D. Ga. 2013) (Free Speech: Settlement $500/hour and 83% of fees and expenses)

Boyajian v. City of Atlanta, No. 1:09-CV-3006-RWS (N.D. Ga. 2011) (Story, J.) (Vagueness Challenge: Order $435/hour and 100% federal fees and expenses)

Hammond v. Owens, No. 2011CV195436 (Fulton Superior Court March 2, 2011) (Open Records Act: Order $435/hour and 100% of fees and expenses)

Prison Legal News v. Fulton Cty., No. 1:07-CV_2618-CAP (N.D. Ga. 2010) (Pannell, J.) (Free Speech-Jail Banning Magazines: Order $410/hour)

Kennedy v. Avondale Estates, No. 07-11702 (11th Cir. 2008) (Free Speech-Sign Ordinance: Order $380/hour and 100% of fees and expenses)

**Previous Attorney Fee Awards: Gerald Weber**

Budlong v. Graham, No. 1:06-CV-02910-RWS (N.D. Ga. 2007)
(Church-State and Speech: Settlement $380/hour and 85% of fees)

Marks v. City of Jonesboro, No. 1:06-CV-01904-CC (N.D. Ga. 2006)
(Free Speech-Fortune Telling Ordinance: Settlement $350/hour and 95% of fees and 100% expenses)

Bender v. City of Atlanta, No. 1:04-CV-2754-RWS (N.D.Ga. 2005)
(Free Speech-Graffiti Ordinance: Settlement $335/hour and 85% of fees and 100% expenses)

Lawson v. City of Rome, No. 4:04-CV-0131-RLV (N.D. Ga. 2005)
(Free Speech-Petitioning: Settlement $325/hour and 90% of hours and expenses)
Bourgeois v. Peters, No. 02-00171-CV (11th Cir. 2005)
(Free Speech-Protest: Settlement $315/hour and 89% of hours and expenses)

Goldsmith v. Gwinnett Cty. Sch. Dist., No. 1:03-CV-3218-JOF (N.D. Ga. 2004)
(Free Speech-Students: Settlement $315/hour, 90% of hours, 100% of expenses)

Turner v. Habersham Cty., No. 2:02-CV-0039-WCO (N.D. Ga. 2004) (O=Kelley, J.) (Church/State: Consent Order $300/hour, 99% of hours, 100% of expenses)

Martin v. MARTA, No. 1:01-CV-3255-TWT (N.D. Ga. 2003) (Thrash, J.)
(Disability Class Action: Order $285/hour, 75% of hours all six counsel, no expenses reductions)

Shingler v. Seminole Cty. Sch. Dist., No. 6:01-CV-36-(WLS) (M.D. Ga. 2003)
(Sands, J.) (Free Speech-Students: Order $250/hour, 100% of hours and expenses -- no reductions)

Nash v. Dekalb Cty., No. 1:00-CV-1694-MHS (N.D. Ga. 2002) (Shoob, J.)
(Free Speech-Signs: Order $250/hour, 100% of hours and expenses -- no reductions)

Newman v. City of East Point, No. 1:02-CV-001-TWT (N.D. Ga. 2002) (Thrash, J.) (Church/State: Order $240/hour, 100% of hours and expenses -- no reductions)

**Previous Attorney Fee Awards: Gerald Weber**

Schmidt v. Fort Valley State Univ., 1:99-CV-1659-WBH (N.D. Ga. 2002)
(Employee Free Speech: Settlement $240/hour, 81% of hours and 100% expenses)

George v. Archer, 2001-CV-36883 (Fulton Superior Court 2002)
(Protest Free Speech: Settlement $240/hour, 93% of hours and 100% expenses)

Sharif v. City of Atlanta, No. 1:99-CV-2375-HTW (N.D. Ga. 2001) (Ward, J.)
(Musician=s Free Speech: Order $235/hour, 91% of hours and 100% expenses)

Bockenek v. Coweta County, No. 3:99-CV-125-JTC (N.D. Ga. 2001)
(ADA Access: Settlement $225/hour, 100% hours and expenses -- no reductions)

Becker v. Ridley, No. 2:00-CV-0021-ECO (N.D. Ga. Aug. 11, 2000) (O=Kelley, J.)
(Freedom of Religion: Order $220/hour (w/o objection), 100% of hours and expenses claimed -- no reductions)

Hall v. Gardner, No. 1:95-CV-0927-MHS (N.D. Ga. Feb. 15, 2000) (Shoob, J.)
(Prison Free Speech/Retaliation Order: $205/hour (w/o objection), 100% of hours and expenses awarded -- no reductions) (Settled on appeal for 83% of hours)

ACLU v. Barnes, 168 F.3d 423 (11th Cir. 1999)
(Internet Free Speech: Order $185/hour (w/o objection), district court awarded 100% hours/expenses (191 hours) and Eleventh Circuit reduced Weber hours by 11.7% (16.33 hours))

A.M. v. Martin, No. 1:96-CV-2316-JEC (N.D. Ga. Sept. 2, 1998) (Carnes, J.)
(Class Action Jail Conditions: Order $190/hour, 100% of hours awarded -- no reductions except certain law clerk expenses)

Dewberry v. Pike Cty. Jail, No. 3:96-CV-39-JTC (N.D. Ga. Dec. 15, 1997)
(Jail Conditions Class Action: Settlement $175/hour)

Cunningham v. City of Atlanta, No. 1:94-CV-1018-RHH (N.D. Ga. Dec. 13, 1995) (Vining , J.) (Police Brutality: Order $160/hour, 100% of hours and expenses awarded -- no reductions)

## Previous Attorney Fee Awards: Gerald Weber

Martin v. Ledbetter, No. 94-CV-0299 (N.D. Ga. Dec. 8, 1995) (Murphy, J.) (Class Due Process Challenge to Commitment of Tuberculosis Patients: Settlement $170/hour, 100% of hours and expenses requested -- no reductions)

Lee v. City of Rome, No. 4:94-CV-0257-HLM (N.D. Ga. Nov. 29, 1994)(Murphy, J.) (Free Speech/Seizure: Order $150/hour, 100% of hours and expenses requested awarded -- no reductions)

Harvey v. Cobb County, 1:92-CV-0045-MHS (N.D. Ga. July 1994) (Display of Ten Commandments: Settlement $150/hour, 99.6% of total hours compensated ($100,600 sought/$100,000 settled), 100% expenses awarded)

Lee v. City of Rome, No. 4:94-CV-0257-HLM (N.D. Ga. Dec. 20, 1993) (Free Speech/Seizure: Partially confidential settlement [total fee award confidential] awarded at $150/hour, 100% expenses)

Murray v. Vining, No. 79-107-2-MAC(WDO) (M.D. Ga. Aug. 30, 1993) (Owens, J.)
(Jail Conditions Monitor: Order $100/hour "largely in an oversight capacity", 85% hours and 100% expenses)

ACLU v. Bell, No. E-8139 (Fulton Superior Court April 1, 1993) (Hill, J.) (Georgia Open Records Act: Order $150/hour, 100% hours compensated, 100% expenses -- no reductions)

Pelphrey v. Scott, No. 1:92-CV-1730-RLV (N.D. Ga. March 12, 1993) (Free Speech/Public Forum: Settlement $150/hour, 82% of hours and 100% expenses)

Rhodes v. Seay, No. 1:91-CV-02908 (N.D. Ga. Jan. 1993) (Jail Conditions Class Action: Settlement $130/hour [not attorney of record and interviewing inmates only] and 100% hours and 100% expenses)

GWAR v. City of Athens, Nov. 1992 (Rock Concert Censorship: Pre-filing settlement $150/hour, 88% of hours and 100% expenses)

* Does not include cases involving issues other than reasonableness of the lodestar such as extent of success similar other factors.

Exhibit D: **SIGNIFICANT CASES LITIGATED B GERALD WEBER**

## Church/State

Budlong v. Graham, 414 F.Supp.2d 1222 (N.D. Ga. 2006) (striking statutes creating tax exemption for bibles and similar religious texts)

Pelphrey v. Cobb Cty., 410 F.Supp.2d 1324, 448 F.Supp.2d 1357 (N.D. Ga. 2006) (challenge to government sponsored sectarian invocations at public meetings)

Selman v. Cobb Cty. Sch. Dist, 390 F.Supp.2d 1284 (N.D. Ga. 2005), vacated and remanded, 449 F.3d 1320 (11th Cir. 2006) (settlement removing evolution disclaimers in science textbooks)

Doe v. Barrow County, No. 2:03-CV-0156-WCO (N.D. Ga. 2003) (challenge to Ten Commandments display in courthouse)

King v. Richmond County, 331 F.3d 1271 (11th Cir. 2003) (permitting Ten Commandments Seal for Superior Court)

Turner v. Habersham County, 290 F.Supp.2d 1362 (N.D. Ga. 2003) (enjoining Ten Commandments display in courthouse)

Newman v. City of East Point, 181 F.Supp. 2d 1374 (N.D. Ga. 2002) (enjoining government sponsorship of prayer breakfast)

Bown v. Gwinnett County Sch. Dist., 895 F.Supp. 1564 (N.D. Ga. 1995), aff=d, 112 F.3d 1464 (11th Cir. 1997) (upholding student initiated prayer/moment of silence law) (amicus)

Harvey v. Cobb County, 811 F.Supp 669 (N.D. Ga.), aff'd without opinion, 15 F.3d 1097 (11th Cir. 1993), cert. denied, 114 S.Ct. 2138 (1994) (requiring removal of Ten Commandments display from courthouse)

**Disability Rights**

Martin v. MARTA, 225 F.Supp. 2d 1362 (N.D. Ga. 2002) (systemic lawsuit requiring disability access in bus and rail public transportation)

Bockenek v. Coweta County, No. 3:99-CV-125-JTC (N.D. Ga. 2001) (reversing decision barring citizen from serving on jury because of her wheel chair)

Nagel v. Osborne, 164 F.3d 582 (11th Cir. 1999) (insanity acquitee need not be released after extended confinement) (amicus)

ADAPT v. City of Atlanta, No. 0022970 (Atlanta Municipal Court 1996) (negotiated dismissal of charges against 165 disabled protesters arrested for trespassing)

Martin v. Ledbetter, No. 4:94-CV-0299-HLM (N.D. Ga. 1994) (class action resulting in revision of Tuberculosis Control Act to ensure due process rights for persons confined)

Hightower v. Ledbetter, 959 F.Supp. 1549 (N.D. Ga. 1996), aff=d, 166 F.3d 351 (11th Cir. 1998) (class action challenging forced medication and informed consent procedures for mentally ill persons)

State v. Webb, 212 Ga. App. 872 (1994) (rejecting deaf person's right to interpreter for implied consent DUI warnings) (amicus)

Henrickson v. Sammons, 263 Ga. 331 (1993) (extending statute of limitations for disability claims) (amicus)

**Freedom of Expression**

Hubbard v.Clayton Cty. Sch. Dist., 756 F.3d 1264 (11th Cir. 2014)
(Union member whistleblower fired for speaking to press at State Capitol)

Moon v. Brown, 939 F.Supp.2d 1329 (M.D. Ga. 2013)
(seizure of vehicle by Mayor because of political sign supporting Republican candidate for Congress)

Lyde v. City of Brunswick, No. 2:10-CV-00063 (S.D. Ga. 2013)
(settlement after arrest of counterprotester at Tea party protest)

Gilbert v. Mikell, No. 1:13-CV-00110 (N.D. Ga. 2013)
(settlement revising state law on vanity tags on license plates)

Crosby v. Warner Robbins, No. 1:11-CV-00428 (M.D. Ga. 2013)
(settlement in challenge to permit ordinance for protests/filming at protests)

Primate Freedom Project, Inc. v. California Regents, 331 Fed. Appx. 716 (11th Cir. 2009)
(challenge to California Regents attempts to censor contents of website)

Hood v. Purdue, No. 1:07-CV-02470-TCB (N.D. Ga. 2007) (challenge to Georgia funeral protest law)

Prison Legal News v. Fulton Cty., NO.1:07-CV-02618-CAP (N.D. Ga. 2007) (challenge to bar on receipt of magazines in jail)

Marks v. City of Jonesboro, 1:06-CV-01904-CC (N.D. Ga. 2006) (settlement amending ordinances banning fortune tellers)

Fort v. Unterman, 1:06-CV-00319 (N.D. Ga. 2006) (settlement of rules that placed gag on citizens filing ethics complaints to Senate Ethics Committee)

Smith v. Wal-Mart Stores, Inc., 2008 WL 760196 (N.D. Ga. 2008) (anti-Wal-Mart items do not violate Wl-Mart=s trademark and are protected free speech)

Grier v. Dekalb Cty., 1:06-CV-02479-GET (N.D. Ga. 2006) (damages lawsuit for citation for Alewd@ bumper sticker)

Childs v. Dekalb Cty., No. 1:05-CV-02463-JTC (N.D. Ga. 2005) (challenge to arrest of protesters who refused to turn over documents regarding undercover surveillance of protest)

Berryhill v. Georgia Community Support Serv., 281 Ga. 439 (2006) (scope of Georgia=s anti-SLAPP privilege) (amicus)

Maher v. Avondale Estates, 1:00-CV-1874-JEC (N.D. Ga. 2007) (constitutional challenge to sing ordinance)

Johnson v. Boggs, No. 3:05-CV-036-JTC (N.D. Ga. 2005) (challenge to Order of Arrest issued for allegedly defamatory website)

Bender v. City of Atlanta, No. 1:040-CV-2754-JOF (N.D. Ga. 2004) (settlement rewriting public arts ordinance that restricted private property owners expression)

Segar v. Cox Communications, No. 1:04-CV-016960-TWT (N.D. Ga. 2004) (challenge to disclosure of identity of anonymous protester)

Lawson v. City of Rome, 4:04-CV-0131-RLV (N.D. Ga. 2004) (settlement of challenge to ordinance restricting free speech in public parks) (lead counsel)

Anderson v. Board of Regents, 1:04-CV-3135-JEC (N.D. Ga. 2004) (damages lawsuit for whistle-blower who raised concerns about environmental conditions at university)

National Council of Womens Orgs. v. Augusta-Richmond County, 365 F.3d 1247 (11th Cir. 2004) (striking down permit ordinance that impaired protest at Masters Golf Tournament)

School of Americas Watch v. City of Columbus, 387 F.3d 1303 (11th Cir. 2003) (rejecting mass search of participants at non-violent demonstration)

Mathis v. Cannon, 278 Ga. 16 (2002) (allegedly defamatory speech published on the Internet entitled to same constitutional protection as other media) (amicus)

Consolidated Govt. of Columbus v. Father Roy Bourgeois, 4:01-CV-147-3 (M.D. Ga. 2002) (defeated City=s attempt to enjoin 10,000 person funeral procession and march to gate of School of Americas at Fort Benning)

Atlanta Humane Society v. Harkins, 264 Ga. App. 356 (2003), remanded, 278 Ga. 451 (2004), reaffirmed, 273 Ga. App.489 (2005) (defending SLAPP suit against whistle blower who exposed problems with mismanagement and animal cruelty investigations)

Denton v. Brown=s Mill Develop., 247 Ga. App. 233 (2000), aff=d in part/reversed in part, 275 Ga. 2 (2003) (scope of Georgia law deterring Strategic Lawsuits Against Public Participation)

George v. Archer, No. 2001CV36883 (Fulton Superior Court 2001) (settlement broadening free speech rights of demonstrators in Centennial Olympic Park)

Sharif v. City of Atlanta, No. 99-CV-2375 (N.D. Ga. 1999) (enjoining and repealing requirement that street musicians acquire a permit and restrict the locations of their performances)

Schmidt v. Fort Valley State Univ., No. 99-CV-1659-WBH (N.D. Ga. 1999) (settlement for $191,000 in case of retaliatory dismissal of adviser to student newspaper for articles critical of administration)

State v. Acuff, No. 99c94966 (Dekalb Superior Court 1999) (dismissing charges against 22 persons charged with disrupting a public meeting by kneeling and singing)

Citizens for Safe Govt. v. Cox Enterprises, No. 97-28385 (Forsyth Superior Court 1997) (dismissing defamation action against State Representative who wrote Attorney General about Apatriot@ group)

Davis v. Shavers, 269 Ga. 75 (1998) (refusing to apply absolute defamation privilege to recall applications) (amicus)

Samples v. City of Atlanta, No. E-52860 (Fulton Superior Court 1996) (asserting right of Atlanta City Council members to investigate 911 Communications facility)

ACLU v. Miller, 977 F.Supp. 1228 (N.D. Ga. 1996) (enjoining state law restricting anonymous identifiers and links on the Internet)

Williams v. Board of Commissioners of McIntosh County, No. CV295-90 (S.D. Ga. 1996) (refusing to impose sanctions on attorney who allegedly made comments to media in violation of publicity rule)

Moreland v. State, No. 97CR-573-8 (Clayton Superior Court 1996) (dismissing charges against youth charged with advocating overthrow of government for passing out leaflets)

Fagan v. Holbrook, No. 95-25-937 (Forsyth Superior Court 1995) (refusing to enjoin allegedly libelous protest sign)

Ethredge v. Hail, 795 F.Supp. 1152 (M.D. Ga. 1992), vacated and remanded, 996 F.2d 1173 (11th Cir. 1993); Ethredge v. Hallin, 56 F.3d 1324 (11th Cir. 1995) (upholding regulation barring "disparaging or embarrassing" bumper stickers about President on military base)

Lee v. City of Rome, 866 F.Supp. 545 (N.D. Ga. 1994) (requiring return of 300 comic books seized as being "pornorographic" [sic] without judicial review)

Gifford v. Vass, No. 2:93-CV-1033-WCO (N.D. Ga. 1993) (jury verdict rejecting damages in brutality case for disabled man injured when stopped for "lewd" bumper sticker)

Pelphrey v. Scott, No. 1:92-CV-1730-RLV (N.D. Ga. 1992) (affirming Congressional candidate=s right to campaign at unemployment office)

Speedway v. Gardner, 206 Ga. App. 439 (1992) (dismissing SLAPP suit filed against opponents of sanitary landfill who spoke in opposition to facility at public meetings)

Forsyth County v. Nationalist Movement, 505 U.S. 123 (1992) (striking county march permit fee) (amicus)

GWAR v. City of Athens (1992) (pre-filing settlement of lawsuit for closing of rock concert)

**Gay/Lesbian Rights**

Hadaway v. Fowler, No. 07-CV-0105 (Wilkinson Superior Court 2007) (habeas action enforcing adoption by lesbian adoptive mother)

PRIDE v. White Cty., 2006 WL 1991990 (N.D. Ga. 2006) (finding that exclusion of Gay/Straight support club violates Equal Access Act)

O=Kelley v. Cox, 278 Ga. 572 (2004), 280 Ga. 732 (2006) (challenge to process for and structure of state constitutional amendment limiting rights of gay and lesbian citizens to marry or have relationships)

Gay Guardian Newspaper v. Ohoopee Regional Library System, 235 F.Supp.2d 1362 (S.D. Ga. 2003), aff=d, 2003 WL 23190855 (11th Cir. 2003) (challenge to barring of gay newspaper from free publications table)

Burns v. Burns, 252 Ga. App. 598 (2001) (recognition of Vermont Civil Union in Georgia) (amicus)

Powell v. State, 270 Ga. 327 (1998) (striking down state sodomy law under state constitution) (amicus)

Duda v. Duda, No. S96A0903 (Ga. Supreme Court 1996) (affirming judge=s discretion to strike anti-gay jurors) (amicus)

Christensen v. State, 266 Ga. 464 (1996) (upholding sodomy and solicitation of sodomy statutes under state constitution's privacy and free expression protections)

Kappers v. Dekalb County Board of Health, 214 Ga. App. 117 (1994) (confinement without due process of person with TB and AIDS)

State v. Cothren, No. 91C7991 (Dekalb Superior Court 1992) (jury acquittal of ten protesters in sit-in against racist/homophobic policies of restaurant chain)

City of Atlanta v. George (Atlanta Traffic Court 1992) (successful selective enforcement challenge to arrest of gay activists for jaywalking)

**Homelessness**

Richardson v. City of Atlanta, No. 1:97-CV-2468-JOF (N.D. Ga. 1997) (class action challenge leading to revision of Aurban camping@ law and ending police practice of destroying of homeless citizens= property in arrests)

Williams v. City of Atlanta, No. 1:94-CV-2018-RHH (N.D. Ga. 1994), __ F.3d __ (11th Cir. 1995) (successful challenge leading to repeal of "remaining in a parking lot" ordinance)

Urine-8 v. City of Atlanta (Fulton Superior Court 1996) (dismissing charges against protesters arrested for trespassing when bringing toilets into City Hall to protest the failure to provide public toilets)

United States v. Johnson, No. P45732 (Federal Magistrate's Court 1992) (dismissing charges against homeless man selling homeless newspaper on federal property)

**International Human Rights**

Mehinovic v. Vuckovic, 198 F.Supp.2d 1322 (N.D. Ga. 2002) (judgment for $440 million in torture case on behalf of victims of Aethnic cleansing@ in Bosnia)

**Jail Conditions/Indigent Defense/Death Penalty**

Prison Legal News v.Chapman, 2014 WESTLAW 4247772 (M..D.Ga. 2014)
(Magazine's free speech and due process rights in communicating with inmates)

Thompson v. Eubanks, 557 Fed. Appx. 855 (11th Cir. 2014)
(constitutionality of broad banishment punishment)

Zitrin v. Georgia Composite Board of Medical Examiners, 288 Ga. App. 295 (2007) (asserting that Medical Board should discipline physicians who participate in executions in violation of American Medical Association standards)

Goodman v. State of Georgia, 546 U.S. 151 (2005) (Title II of the ADA provides a damage remedy for inmates) (amicus)

Jackson v. Whitworth, No. 1:04-CV-3181-JOF (N.D. Ga. 2004) (class action challenge to excessive monitoring fees for parolees)

Gardner v. Jones, 529 U.S. 244 (2000) (re-scheduling parole hearing does not violate ex post facto) (amicus)

Gibson v. Turpin, 270 Ga. 855 (1999) (refusing to appoint counsel for state habeas death row inmate with 76 IQ) (amicus)

Felker v. Turpin, 514 U.S. 1002 (1996) (constitutional challenge to application of Anti-Terrorism and Effective Death Penalty Act to habeas for capital defendant) (amicus)

Dewberry v. Pike County, No. 3:96-CV-19-JTC (N.D. Ga. 1996) (class action jail conditions suit settled and new jail built)

Williams v. Resseau, No. 91-61-1-MAC(WDO) (M.D. Ga. 1991) (class action jail conditions suit settled)

**Miscellaneous**

Deal v. Coleman, 294 Ga. 170 (2013)
(challenge to retroactive application of Open Records Act exemption)

Boyajian v. City of Atlanta, 2011 WESTLAW 1262162 (N.D. Ga. 2011)
(enjoining license suspension for wild animal permits on due process grounds)

Whitaker v. Perdue, 4:06-CV-00140-WCO (N.D. Ga. 2006) (challenge to residency restrictions for sex offenders)

In re JM, 276 Ga. 88 (2003) (declaring that Georgia=s 170 year old fornication statute violates state constitutional privacy)

Chandler v. Miller, 520 U.S. 305 (1997) (enjoining statute requiring drug tests for candidates for state elective office violates Fourth Amendment) (amicus)

Lassiter v. Alabama A & M University, 28 F.3d 1146 (11th Cir. 1994) (en banc) (test for qualified immunity) (amicus)

Davis v. State, 262 Ga. 578 (1992) (rejecting police claim that ten year old could consent to search of parents' house) (amicus)

**Open Government**

Tisdale v. Gravitt, 2014 WESTLAW 4925703 (N.D.Ga. 2014)
(citizen barred from filming city council meeting and removed from meeting)

Coffin v. Board of Regents, 2004-CV-86238 (Fulton Superior Court 2004) (settlement of fees assessed for access to public records)

Anderson v. Cobb County School Dist., No. 1:02-CV-1893-ODE (N.D. Ga. 2003) (challenge to residents-only policy for speaking at school board meeting)

Smith v. Cobb County School Dist, No. 00-1-08497 (Cobb Superior Court 2003) (access to student disciplinary records)

Anderson v. Campbell, No. 2001-CV-38252 (Fulton Superior Court 2002) (rejecting gag order and closing of proceedings for ethics complaints against Atlanta mayor) (amicus)

Doe v. Custer, No. 99-CV-312-JOF (N.D. Ga. 1999) (successful challenge to secrecy of investigations of judges by Georgia Judicial Qualifications Commission)

Cozier v. FBI, No. 99-CV-0312-JOF (N.D. Ga. 1999) (FOIA access to claimed Anational security@ investigation of college religion professor with Cuban contacts)

Statewide Detective Agency v. Miller, 115 F.3d 904 (11th Cir. 1997) (enjoining state law restricting access to accident reports)

Rockdale Citizen v. State, 266 Ga. 579 (1996) (failure to examine alternatives to closure of pre-trial proceedings in capital case) (amicus)

Rockdale Citizen v. State, 266 Ga. 92 (1995) (opening pre-trial hearing in capital case to public) (amicus)

ACLU v. Bell, No. E27385 (Fulton County Superior Court 1994) (consent order reducing fee charged to citizens when accessing police reports)

Jersawitz v. Eldridge, 262 Ga. 19 (1991) (upholding right of citizens to arrest government officials who fail to turn over public records) (amicus)

**Police Brutality**

Calhoun v. Pennington, No. 1:09-CV-3286-TCB N.D. Ga. 2009)
(Settlement of over $1 million and reforms in raid on gay bar)

Scott v. Harris, 127 S.Ct. 1769 (2007) (when deadly force may be used in a police chase) (amicus)

Cunningham v. City of Atlanta, No. 1:94-CV-1018(RHH) (N.D. Ga. 1994) (settlement for bystander beaten when aiding citizen beaten by officer)

ACLU v. Bell, No. E8139 (Fulton County Superior Court 1993) (obtaining access to and eliminating fees for police officers internal affairs reports under Open Records Act)

## Race/National Origin Discrimination

Carroll v. Tavern Corp., 2011 WESTLAW 1044609 (N.D.Ga. 2011)
(race discrimination at restaurant in customer access)

Brannon v. Townes Cty.,2011 WESTLAW 5041207 (N.D. Ga. 2011)
(race-based traffic stop of black driver accompanied by white passenger)

Perry v. PETCO, Inc., 1:07-CV-2281-ODE-ECS (N.D. Ga. 2007) (race discrimination by pet store in customer access)

Stewart v. Cherokee Cty., 1:07-CV-00015-TCB (N.D. Ga. 2007) (enjoining immigrant Aharboring@ ordinance)

Davis v. Valley Servs., LC, 4:04-CV-00020-CDL (M.D. Ga. 2004) (damages lawsuit for race and age discrimination in employment)

Guevara v. Norcross, No. 01-16909-J (11th Cir. 2002) (challenge to ordinance requiring that commercial signs be in the English language)

Mayo v. Dudley Community Civic Club (1994) (pre-filing settlement integrating swimming pool and reversing explicit whites-only policy)

Smith v. Crawfordville Kiwanis (1992) (pre-filing settlement integrating Kiwanis club)

**Religious Freedom**

Price v.Donald, 283 Ga. 311 (2008) (Rastafarian inmates right to practice faith)

John Doe A v. Ault, No. 1:95-CV-1234-RCF (N.D. Ga. 1995) (access to Wicca religious materials and retaliatory transfers for complaining about treatment of faith)

**Students/Juveniles Rights**

Smith v. City of Atlanta, 2014 WESTLAW 508811 (N.D. Ga. 2014)
(student locked ot file cabinet for seven hours)

D.H. v. Clayton Cty. Sch. Dist., 904 F.Supp.2d 1301 (N.D. Ga. 2012)
(student strip search for claimed drug possession)

Sklar v. Clough, 1:06-CV-00319-JTC (N.D. Ga. 2006) (challenge to hate speech code on university campus) (amicus)

Tillman v. Gwinnett County Sch. Dist., 1:04-CV-01180-BBM (N.D. Ga. 2005) (striking down school restriction on Agang related@ clothing)

Goldsmith v. Gwinnett County Sch. Dist., No. 1:03-CV-3218 (N.D. Ga. 2003) (settlement of lawsuit about discipline of students for off-campus web page)

Shingler v. Seminole County Sch. Dist., No. 6:01-CV-36(WLS) (M.D. Ga. 2002) (settlement repealing dress code restriction on all Areferences to race@)

Brown v. State, (Fulton State Court 1999) (successful defense of student charged with terroristic threats for writing fantasy story) (co-counsel)

Thomas v. Clayton County Bd. Educ., 94 F.Supp. 2d 1290, reh=g, 94 F.Supp. 2d 1330 (N.D. Ga. 1997), aff=d, 261 F.3d 1160 (11th Cir. 2001), reversed and remanded, 536 U.S. 953 (2002), reaffirmed, 323 F.3d 950 (2003) (mass suspicionless strip search of fifth graders to recover small amount of money unconstitutional)

Reid v. Habersham County Sch. Dist., No. 2:95-CV-0091-WCO (N.D. Ga. 1995) (successful free speech challenge to high school dress code)

A.M. v. Martin, No. 1:96-CV-2316A-JEC (N.D. Ga. 1996) (class action striking down statute delaying probable cause hearings for juveniles and requiring hearing to occur within 48 hours)

## **Voting Rights**

Common Cause/Georgia v. Cox, 406 F.Supp.2d 1326 (N.D. Ga. 2005), 439 F.Supp.2d 1294 (N.D. Ga. 2006) (striking down, in part, law requiring state issued photo identification to vote in person)

Andrews v. Cox, No.: 1:01-CV-318-ODE (N.D. Ga. 2001) (challenge to disparate voting procedures and irregularities in vote counting in Georgia)

Miller v. Johnson, 514 U.S. 1002 (1995) (representing minority intervenors in challenge to congressional redistricting scheme)

Williams v. Batten, No. 93-CV-474 (Telfair Superior Court 1993) (upholding right of blind man to sponsor recall petition)

## Women's Rights

Feminists Womens Health Center v. Burgess, 282 Ga. 433 (2007) (whether Medicaid must fund medically necessary abortions)

Etkind v. Suarez, 271 Ga. 352 (1999) (doctors who negligently/intentionally fail to advise women of problems
with a pregnancy cannot be sued in tort for wrongful birth) (amicus)

Davis v. Monroe County Schools, 526 U.S. 629 (1999) (students may sue under Title IX for student-on-student sexual harassment) (amicus)

National Women=s Health Network v. Matria Health Care, No. E-55599 (Fulton Superior Court 1997) (dismissing SLAPP suit filed against NWHN when sued for petition to FDA critical of product)

Copeland v. State (Fulton Superior Court 1996) (granting release of material witness over eight months pregnant)

Floyd v. Waiters, 525 U.S. 802 (1998) (students who are sexually harassed and raped by school employees have claims under Title IX) (amicus)

Jackson v. State, 208 Ga. App. 391 (1993), dismissed as moot, 263 Ga. 403 (1993) (dismissing possession of cocaine charge against mother whose still-born fetus had cocaine metabolites) (amicus)

Luster v. State, 204 Ga. App. 156 (1992) (rejecting distribution of cocaine charge against mother when metabolites found still-born fetus after beating by father) (amicus)

# Gerald R. Weber

## Legal Employment

Legal Director, American Civil Liberties Union of Georgia (1991-2007)

Senior Staff Counsel, Southern Center for Human Rights (2007-date)

Adjunct Professor:
Emory University School of Law, Constitutional Litigation (1997-date)
Georgia State School of Law, First Amendment & Media Law (1999-date)

Law Offices of Gerald Weber (2004-date) http://www.constitutional-litigation.com

Judicial Law Clerk, Honorable Carolyn Dineen King,
United States Court of Appeals, Fifth Circuit (1989-1990)

Associate, Dow, Lohnes and Albertson (1990-1991) (Media Law Emphasis)

## Legal Education

**University of Georgia School of Law** Athens, Georgia (1989)
J.D., *summa cum laude* Class Rank: 1 of 196

Activities: *Georgia Law Review*, Symposium Editor
Board of Directors, Georgia Equal Justice Foundation
American Bar Association Mock Trial Team
Assistant, Professor L. Ray Patterson
Law Clerk, Honorable Thelma Cummings-Moore, Fulton Superior Court

Public Interest Activities: Athens Legal Aid Society; Prisoner Legal Counseling Project; Project Due Process (Cuban Detainee Representation)

Honors: Order of Coif; McDougald and Meinhard Awards; School of Law Scholarship; American Jurisprudence Awards (5 subjects)

## Awards/Profiles

American Bar Association: 21 Young Lawyers Leading Us Into the 21st Century (1995)
*Georgia Trend Magazine*: Forty Top Georgians Under 40 (1997)
*Atlanta Business Chronicle*: AWeber Fights for Justice@ (June 2001)
Emory Law School, Outstanding Leadership in Public Interest Award (2009)
Stonewall Bar Association: Conspicuous Service to Gay/Lesbian Citizens (1996)
United States Department of Justice: Extraordinary Assistance to Crime Victims (1998)
Atlanta City Council Service Award: Indigent Health Care/Grady Hospital (2000)
Atlanta City Council Service Award: Cabbagetown Fire (1999)
Georgia Stonewall Democrats, Partner in Equality: Lawyer Award (1999)
Who=s Who Lists for America, American Law and American Legal Education (2000-date)

## Legal and Civic Activities

State Bar of Georgia Activities:

Access to Justice Committee Chairperson (2002-date) (appointment)
Individual Rights Section Co-Chairperson (1998/1999) (elected)
Lawyer Advertising Committee (1997-1999) (appointment)
Ethics & Professionalism Committee (1996-1998)

Other Professional Activities:

Board of Directors, Georgia First Amendment Foundation (1994-date)
Atlanta Steering Committee, Lawyers= Committee for Civil Rights (1996-1998)
Board of Directors, Georgia Center for Law in the Public Interest (1998-1999)
Barrister, Joseph Henry Lumpkin Inns of Court (1994-1996)
Chairperson, Task Force for the Homeless Legal Committee (1992-date)
Member, Lawyers Club of Atlanta (1997-1999)
Member, Federal Bar Association (1998-2002)

Civic Activities:

Atlanta BeltLine TAD Advisory Committee (2007-date) (appointment by City Council)
Member, Leadership Atlanta (1997-1998)
President, Cabbagetown Neighborhood Improvement Association (1998-2000) (elected)
Representative, Neighborhood Planning Unit-N (1998-1999) (elected)
Board of Trustees, University of Georgia Library (1996-1997)
Advisory Committee, AID Atlanta (1998-date)
Advisory Board, Jeanette Rankin Foundation (1997-date)
Board of Directors, Table of the Elements (record label) (1995-2000)
Columnist, Street Heat Magazine (homeless issues) (1992-1997)
Columnist, Dog Soup (free speech column for music magazine) (1992-1994)
Election Monitor, South African Elections (1994)

## Undergraduate Education

**Illinois State University** Normal, Illinois (1986)
B.S., Finance and Law, *summa cum laude* GPA: 3.96/4.0 Major GPA: 4.0/4.0

Activities: Student Assembly; ISU Students Against Apartheid; *Druid=s Cave*, Literary Magazine

Honors: Bone Scholar; Outstanding Student in Finance and Law (1984-1986); Honors Program

## Previous Non-Legal Employment

| | |
|---|---|
| Computer Programmer<br>R.R. Donnelley & Sons | 1984-1985<br>Mattoon, Illinois |
| Factory Worker<br>R.R. Donnelley & Sons | 1982-1984<br>Mattoon, Illinois |

## Teaching and Related Experiences

**Adjunct Professor: Emory University School of Law, Constitutional Litigation (1997-date)**

**Adjunct Professor: Georgia State University School of Law, First Amendment & Media Law (1999-date)**

**Clinical Supervisor: Emory University School of Law (1991-2007)**
**University of Georgia School of Law (1997-2007)**
**Georgia State University College of Law (2006-2007)**
**Mercer University School of Law (2007)**

## Publications

Weber, *The Long Road Ahead: Sosa v. Alvarez-Machain and AClearly Established@ International Tort Law*, 19 Emory Int=l. L. Rev.129 (Spring 2005)

Weber, *Commercial Speech and the Public=s Health: Regulating Advertisements of Potentially Hazardous Products*, 32 Journal of Law, Medicine & Ethics 32 (2005)

Weber, *Review of* R. Delgado & J. Stefanic=s *Must We Defend Nazis?*, 21 Ga. State Bar J. 48 (June 1997)

Weber, *Striker Amendment to the Food Stamp Act: Congress Chipping Away at the Union, Family and Social Welfare*, 22 Ga. L. Rev. 741 (1988)

Attorney Education Publications:
<u>Student Rights in Wake of Morse v. Frederick</u> (Ga. School Bd. Attorneys Assoc. 2008)
<u>Civil Gideon</u> (State Bar of Georgia 2007)
<u>Balancing School Safety and Free Speech</u> (Nat=l School Bd. Attorneys Assoc. 2003)
<u>Ethical Restriction on Comments to the Press</u> (State Bar of Georgia 2001)
<u>Racial Profiling</u> (State Bar of Georgia 2000/2001)
<u>Student Free Speech Rights</u> (Georgia School Bd. Attorneys Assoc. 2001)
<u>Absolute Immunities in Civil Rights Litigation</u> (State Bar of Georgia 1998)
<u>Language Discrimination and Language Rights</u> (State Bar of Georgia 1997)
<u>Ethical Restrictions on Contacting Government/Private Employees</u> (State Bar of Georgia 1997)
<u>Recent Developments in the Law of Section 1983</u> (State Bar of Georgia 1996)
<u>Recent Developments in Attorneys= Fee Litigation</u> (State Bar of Georgia 1995/1999)
<u>Ethical Restrictions on Comments to the Press</u> (State Bar of Georgia 1994)

ACLU National Conference Publications:
<u>Dancing With The Dague: Seeking Enhanced Attorney Fees</u> (1996)
<u>Procedural Quagmires in School Discipline</u> (2000)

Editorial, Weber & Sekulow, <u>Debate Over School Prayer</u>, *Atlanta Constitution* (May 30, 1993)

Co-Editor, *An Introduction to Law in Georgia* (Institute of Govt. Univ. of Georgia) (1998-2004)

## Lectures and Panels

Significant State, National and International Speeches/Panels:

Moot Court to Georgia Supreme Court on Civil Gideon (Ga State Bar Conference 2007)

United States Compliance with International Laws Regarding Migrants
(testimony to UN Special Rapporteur on Migrants 2007)
United States Compliance With International Covenant on Civil and Political Rights (testimony before United Nations in Geneva, Switzerland 2006)

Impact of PATRIOT Act on Artists and Art Scholars
(National Convention, College Art Association 2005)

Alien Tort Claims After Sosa v. Alvarez-Machain (Emory Law School Symposium 2004)
Regulating Ads for Hazardous Products (CDC Public Health Law Conference 2004)
Monitoring Human Rights Abuses (Carter Presidential Center 2004)

International Human Rights at Home Conference (Carter Presidential Center 2003)
Balancing Free Speech and School Safety
(National Convention, National Association of School Board Attorneys 2003)
Racial Profiling as a Way of Life
(National Convention, American Association for Affirmative Action 2003)
Art in Time of War (Atlanta Contemporary Arts Center 2003)
The State of Sex Laws (Phantasm Convention 2003)

Human Rights Protections in a Democratic Society
(Czech Republic, Prague-Montenegro War Crimes Project 2002)
Open Courtrooms and the Press (Georgia Chief Magistrates Conference 2002)
USA Patriot Act (Emory Law School 2001) (Gate City Bar Association 2002)

Student Free Speech (Georgia School Board Attorneys= Association 2001)
Privacy and Anti-Terrorism Legislation (Federalist Society 2001)
Racial Profiling (North Carolina Human Rights and Relations Conference 2001)
Hate Speech & The Internet (American Jewish Committee 2001)

Supreme Court Future (UGA Law School/Emory Law School 2000)

Emerging Issues in Internet Law (ABA National Conference 1999)

Thrower Symposium: Law and the Media (Emory Law School 1998)
International Human Rights Standards in United States: The Case of Religion or Belief
(For UN Special Rapporteur for Religious Discrimination) (Emory Law School 1998)

Constitutional Challenges In A Decade Of Change (Emory Law School 1996)

## Lectures and Panels (continued)

State Bar of Georgia Lectures:

State Bar Conference (2000, 2001, 2007)
Labor and Employment Law Conference (2001)
Bar Council to US District Court (1999)
Bar/Media Conference (1991, 1992, 1993, 1997, 1999, 2000, 2001, 2002, 2003, 2005)
Section 1983 Seminar (1992-2001)
Homeless Rights Seminar (1995-1997)
Olympics Training Seminar (Atlanta 1996, Salt Lake 1999)
Hispanic Bar Association (1997)

ACLU National Conference Lectures:

Bio-Terrorism Legislation/Litigation (2002)
Students= Rights (2000)
Managing ACLU Legal Programs (1998)
Cyberliberties (1997)
Attorneys Fees Litigation (1996, 1998)
Homeless Litigation (1993)

Faculty, Emory University School of Medicine, Southeast Aids Training and Education Center (Georgia=s Tuberculosis Control Act) (1993-1998)

Delegate, Atlanta Regional Assembly on Faith and Public Life (2002)

Teaching Assistant: Illinois State University: Business Law, Finance, Programming (1984-1986)

## Media Contacts

Appeared on hundreds of local, national and international television and radio programs including CNN, FOX, BBC, ABC, NBC, CBS, MTV, NPR, Pacifica Radio

Quoted in nearly one thousand articles in local, national and international newspapers and periodicals including
*New York Times, Wall Street Journal, National Law Journal, ABA Journal, Washington Post, Los Angeles Times, Chicago Tribune, Atlanta Constitution* etc.

Documentary, *On the Line: Dissent in the Age of Terrorism*
(Interviewed along with Susan Sarandon, Martin Sheen and others)