**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

TOMAS MIKO,
*Plaintiff*,

v.

REPRESENTATIVE VERNON JONES,
in his individual and official capacities,
*Defendant*

CIVIL ACTION NO.
1:20-cv-02147-SDG

**DECLARATION OF AMITH GUPTA**

Personally appeared AMITH GUPTA, who states and declares under penalty of perjury as follows:

I) Introduction

My name is Amith Gupta. I am a member of the State Bars of Georgia and New York, a staff attorney for the Coalition for Civil Freedoms, and a solo private practitioner at my own firm, American Trial Law Litigators, LLC, representing plaintiffs in civil rights cases similar to the case at bar. I am legally competent to make this affidavit and have personal knowledge of the facts set forth herein:

II) Attorney Experience and Qualifications.

A) Education

1) In May of 2017, I graduated from an international law and human rights-focused program from the top international law program in the world and one of the top law schools in the world.

2) Specifically, I graduated from the New York University School of Law, which was ranked sixth in the world by US News & World Report and fourth in the world by Academic Ranking of World Universities (ARWU) at the time of my graduation.

3) I graduated with a Juris Doctor from NYU as an Institute for International Law and Justice Scholar, requiring me to complete additional coursework and academic requirements pertaining to the study of international law; as an International Law and Human Rights Fellow, in which the University sponsored my summer employment to work in fields related to international human rights; and as a Staff Editor and Executive Editor of the Journal of International Law and Politics. The New York University School of Law is ranked first in the world in the field of International Law by US News & World Report.

B) Employment and Current Cases.

1) At the time of writing, I have been a practicing attorney for six years and am the member of the Georgia and New York state bars.

2) I currently handle or have handled numerous federal criminal cases in their post-conviction phase through my role as a staff attorney at the Coalition for Civil

Freedoms, where I have represented clients in cases involving serious charges related to terrorism.

3) I have successfully obtained the release of more than two clients serving lengthy sentences for charges related to terrorism. See Order, United States v. Hassoun, No. 10-CR-773-1 (N. D. Ill. 2020), ECF Dkt. 102 (granting my motion for compassionate release), and Order, United States v. Ali, No. 0:10-cr-00187 (D. Minn. 2021), ECF Dkt. 341 (granting my motion for compassionate release).

4) I have previously represented indigent clients as a public defender at the state level in New York state, and have represented individuals facing state criminal charges in Georgia.

5) In my state criminal practice, I have successfully obtained the dismissal of charges against numerous clients, whom I have represented in at least four counties.

6) I run my own private practice, where I represent individuals alleging federal civil rights violations, including the case at bar. I am currently representing multiple clients in that capacity who allege various civil rights violations, including excessive force, deliberate indifference and deliberate medical indifference in the prison context, and First Amendment violations.

7) I have some prior experience in the First Amendment context.

8) Specifically, as a Law Fellow at Project South for the year of 2019, I represented a student group in disciplinary administrative proceedings at the Georgia Institute of

Technology wherein I successfully appealed a disciplinary penalty against them that violated their First Amendment rights.

9) Representing both Project South and the National Lawyers Guild, I was the primary author of an amicus curiae brief in an ultimately successful appeal of the dismissal of a First Amendment challenge to the enforcement of an anti-boycott law brought by an Arkansas newspaper. See Brief for Project South and the National Lawyers Guild as Amici Curiae, Arkansas Times LP v. Waldrip, No. 19- 01378 (8th Cir. 2020).

10) I am currently representing multiple clients who allege First Amendment violations pertaining to protest-related arrests that took place in Atlanta which have been filed, and at least one additional such case that has not yet been filed.

III) Hourly Rate.

A) In light of my elite academic qualifications, my prior legal experience including my previous legal successes, and the nature of the subject matter, I request that this Court recognize an hourly rate for my services of $250 per hour as reasonable and hereby request to be compensated at that rate for this case. The document attached hereto as Exhibit A is a true and correct compilation of contemporaneously made time records for services I performed in this case. The records have been edited to reduce time entries which are redundant. It is my belief that the amount of billable

hours and expenses described represent reasonable use of attorney time and expenses in light of the issues presented in this case.

IV) Conclusion.

A) I have examined the case files and the hourly time records compiled in this matter against the background of the applicable standards for determination of a reasonable attorneys fee under 42 U.S.C. § 1988. Consistent with the lodestar framework for analyzing attorneys' fees claims, the information contained herein, I believe, establishes the reasonableness of the fees and expenses sought. The opinions expressed in this affidavit are made in accordance with the standards currently applied under 42 U.S.C. § 1988.

Dated: February 4, 2024.

FURTHER DECLARANT SAITH NOT.

/s Amith Gupta
Amith Gupta, Esq.

# EXHIBIT A

Billable Hours for Miko v. Jones

**Amount Due: $13575**

**Payable to:**
**Amith Gupta, Esq.**
**American Trial Law Litigators, LLC**
**925B Peachtree St. NE #2151**
**Atlanta, GA 30309**

| Date | Task | Time (Hours) | Multiplied by Fee Rate of $250/hr (Dollars) |
|---|---|---|---|
| 03/19/20 | Discussing new case with co-counsel | 0.5 | 125 |
| 03/19/20 | Reviewing records and Facebook complaints | 1 | 250 |
| 03/19/20 | Discussing facts of new case with co- counsel | 0.5 | 125 |
| 03/21/20 | Drafting complaint | 3 | 750 |
| 03/22/20 | Drafting complaint and reviewing screenshots | 2 | 500 |
| 03/26/20 | Reviewing client e-mails | 1 | 250 |
| 04/17/20 | Reviewing Facebook pages | 1.5 | 375 |
| 04/17/20 | Completing First Draft of Complaint | 5 | 1250 |
| 04/17/20 | Compiling Exhibits and Questions for Co- Counsel | 1 | 250 |
| 04/23/20 | Following up with co-counsel about client circumstances | 0.2 | 50 |
| 05/06/20 | Reviewing co-counsel complaint edits | 1 | 250 |
| 05/15/20 | Drafting preliminary injunction brief | 3 | 750 |
| 05/16/20 | Drafting preliminary injunction brief | 1 | 250 |
| 05/17/20 | Completing preliminary injunction brief, exhibits, and press release | 3 | 750 |
| 03/17/21 | Drafting default judgment & legal research | 4 | 1000 |
| 03/18/21 | Completing default judgment draft | 2.5 | 625 |
| 03/31/21 | Reviewing and editing co-counsel's default judgment draft | 2 | 500 |
| 04/01/21 | Reviewing and editing default judgment draft | 2 | 500 |
| 04/01/21 | Drafting fee petition | 2 | 500 |
| 06/21/21 | 55(a) Affidavit and Updated Motion | 2 | 500 |
| 02/22/22 | Reviewing court's order on default | 1 | 250 |
| 03/06/22 | Reviewing co-counsel's hearing brief | 0.25 | 62.5 |
| 03/09/22 | Prepping for discussion with client and meeting with client and co-counsel about scheduled hearing | 1.5 | 375 |
| 03/10/22 | Reviewing and updating direct examination questions; reviewing case law re: 1A damages; updating fee affidavit | 2.5 | 625 |

| | | | |
|---|---|---|---|
| 01/17/23 | Review of order and final judgment | 0.5 | 125 |
| 01/26/23 | Discussion with prior counsel re: discovery of D’s assets | 0.75 | 187.5 |
| 01/28/23 | Review of Defendant’s motion to reopen judgment and WP related to service | 1 | 250 |
| 02/01/23 | Beginning draft of P’s response to D’s motion | 0.5 | 125 |
| 02/22/23 | Case law research re: homestead exception and standards for reopening default | 1 | 250 |
| 02/24/23 | Meeting to prepare exhibits and go over direct examination of D | 2 | 500 |
| 02/28/23 | Discussion with process server | 1 | 250 |
| 03/01/23 | Research re: D’s flight | 0.5 | 125 |
| 03/02/23 | Hearing | 3 | 750 |
| 03/08/23 | Review of hearing and next steps with client | 0.6 | 150 |
| | **TOTAL HOURLY** | **54.3** | **13575** |