# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TOMAS MIKO,<br>    Plaintiff,<br><br>                    v.<br><br>REPRESENTATIVE VERNON JONES, *in his individual and official capacities*,<br>    Defendant. | Civil Action No.<br>1:20-cv-02147-SDG |

## OPINION AND ORDER

This matter is before the Court on Defendant Vernon Jones's motion for relief from default judgment [ECF 81] and Plaintiff Tomas Miko's supplemental motion for attorneys' fees [ECF 75]. For the following reasons, Jones's motion is **DENIED**, and Miko's motion is **GRANTED**.

This case arises out of Jones's suppression of Miko's First Amendment rights on Facebook. The Court entered default judgment against Jones after he failed to appear. Jones then moved for relief under Federal Rule of Civil Procedure 60(b), arguing that he was never properly served. The Court denied that motion, finding that Jones had been served and finding Jones's testimony to the contrary not to be credible,[1] which denial was subsequently affirmed by the Eleventh Circuit.[2] Miko

---

[1]   ECF 58, at 6.

[2]   ECF 67.

1

now seeks attorneys' fees relating to post-judgment litigation.[3] That motion was filed in February 2024.[4] Just one month later, in March 2024, the Supreme Court clarified when public officials could be held liable for their social media activities in *Lindke v. Freed*, 601 U.S. 187 (2024). Jones then filed this second motion for relief under Rule 60(b), relying largely on the change in law precipitated by *Lindke*.

The Court addresses Jones's motion for relief first, since vacatur of the default judgment[5] would impact Miko's entitlement to attorneys' fees. Jones brings his motion under Rule 60(b)(6), which authorizes a court to "relieve a party … from a final judgment … for … any other reason that justifies relief." Relief under this so-called "catchall" provision is only appropriate under "extraordinary circumstances." *Lambrix v. Sec'y, Fla. Dep't of Corr.*, 851 F.3d 1158, 1170 (11th Cir. 2017). Jones asserts that extraordinary circumstances exist here for three reasons:

---

[3]  ECF 75, at 2.

[4]  *Id.*

[5]  Jones purports to challenge the Court's default *judgment* without challenging the Court's entry of default, apparently under the belief that only the latter was affirmed by the Eleventh Circuit. ECF 81, at 4 n.3. Jones is mistaken: The Eleventh Circuit's order unambiguously affirms the "default *judgment*," ECF 37-1, at 2 (emphasis added).

(1) the *Lindke* decision,[6] (2) the "disproportionate attorneys' fee award" sought by Miko,[7] and (3) an irregularity in an exhibit attached to Miko's complaint.[8]

Jones's second and third reasons can be summarily rejected. As to the second, the Court sees no relationship between the propriety of default judgment and Miko's request for attorneys' fees—to which Miko is statutorily entitled, and the accrual of which was the utterly predictable result of Jones's decision to engage in post-judgment litigation after initially evading service. As to the third, Jones's argument is untimely: Rule 60(c)(1) imposes a one-year time limit on Rule 60(b) motions asserting fraud, and Jones's assertion that Miko filed fraudulently altered evidence comes over one year after entry of default judgment.[9] *See Kemp v. United States*, 596 U.S. 528, 533 (2022) (explaining that relief under the catchall provision is only available when other Rule 60(b) provisions are inapplicable).

---

[6] ECF 81, at 10.

[7] *Id.* at 13.

[8] *Id.* at 13–14.

[9] Jones himself admits that the time to seek relief on the basis of fraud has expired, ECF 81, at 14 n.11. Notably, Jones does not argue that the alleged fraud should be set aside under Rule 60(d)(3) for "fraud on the court," even though a Rule 60(d)(3) action would not be subject to a one-year time limit. *SEC v. N. Am. Clearing, Inc.*, 656 F. App'x 947, 949 (11th Cir. 2016).

Jones's first reason for relief—the change in law precipitated by *Lindke*—is also rejected.[10] Under Eleventh Circuit precedent, a supervening change in law may justify relief under Rule 60(b) when accompanied by other factors that together provide "the truly extraordinary circumstances necessary to reopen a case." *Ritter v. Smith*, 811 F.2d 1398, 1401 (11th Cir. 1987). The Court in *Ritter* considered four such factors: (1) whether the judgment has been executed; (2) whether there has been "only minimal delay between the finality of the judgment and the motion for Rule 60(b)(6) relief"; (3) whether there is a "close relationship between the two cases at issue"; and (4) "considerations of comity." *Id.* at 1401–03.

Here, the *Ritter* factors do not collectively favor Jones. The first factor does technically weigh in favor of relief because the parties agree that the judgment has not been satisfied.[11] But the Court does not weigh the first factor heavily here,

---

[10]   The Court does not reach the merits of the legal sufficiency of Miko's complaint under *Lindke* because, even assuming *Lindke* would have changed the result at default judgment, the Court rules that Jones is not entitled to relief under Rule 60(b)(6). Still, the Court notes that *Lindke* is not necessarily at odds with the Court's analysis at default judgment. *Lindke* seems to indicate that a public official can violate the First Amendment by blocking a constituent from his non-private social media account, such that the constituent is precluded from commenting on matters over which the public official wields government power. 601 U.S. at 199, 204. That is very similar to what the Court at default judgment found Miko's complaint to have alleged. ECF 29, at 9–10.

[11]   ECF 81, at 11; ECF 84, at 4.

where the judgment remains unexecuted due to Jones's own refusal to pay, and his own prolonging of the case with frivolous post-judgment filings. The second factor cuts against relief because the instant motion was filed well over a year past entry of judgment.[12] The third factor cuts also against relief because this case and *Lindke* are not sufficiently intertwined: The Supreme Court did not decide *Lindke* "for the express purpose" of resolving a dispute created by this case, nor did *Lindke* arise out of the "exact same" factual circumstances as this one. *Id.* at 1402–03. And the fourth factor is not relevant here, since no "state court judgment" is implicated. *Id.* at 1403. The *Ritter* factors on balance thus counsel against relief.

Other factors counsel against reopening this case. As the Eleventh Circuit recognized in *Ritter*, "[l]itigation must end some time." *Id.* at 1401 (quoting *Collins v. City of Wichita*, 254 F.2d 837, 839 (10th Cir. 1958)). This is Jones's third post-judgment motion before this Court, and his second under Rule 60(b). Jones has already argued for vacatur of the default judgment—the exact relief he seeks now—before the Eleventh Circuit. Jones's failure to have his case heard on the merits is no one's fault but his own; yet despite his willful evasion of service, Jones

---

[12] Under *Ritter*, the clock starts with "the finality of judgment," 811 F.2d at 1402, and not—as Jones suggests—with the supervening change in law. ECF 85, at 4. Further, though Jones is correct that the one-year time limit in Rule 60(c)(1) does not apply to Rule 60(b)(6) motions, *id.*, one year seems a good benchmark for what constitutes a "reasonable time" within which to seek relief.

has been afforded multiple days in court. He has received more than a fair shake. There are no extraordinary circumstances necessitating relief here, and every reason to bring this litigation to a close. Jones's motion is accordingly denied.

Turning to Miko's supplemental request for fees and costs: In addition to the fees and costs already awarded to Miko under 42 U.S.C. § 1988 for prevailing at default judgment,[13] Miko is entitled to fees and costs as the prevailing party for services performed and costs incurred in defending that default judgment, both before this Court and before the Eleventh Circuit.[14] *See Davis v. Roadway Exp., Inc.*, 590 F.2d 140, 143 (5th Cir. 1979) ("It is proper … to award attorney's fees for services rendered on appeal.");[15] *Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 767 (5th Cir. 1996) ("[T]he plaintiffs have prevailed if they managed to keep the defendants from undoing their previous work by disturbing the earlier judgment.").

---

[13] ECF 38, at 10 (awarding Miko $37,652 in fees and costs).

[14] Ordinarily, district courts are not authorized to assess attorneys' fees for appellate work. *Davidson v. City of Avon Park*, 848 F.2d 172, 173 (11th Cir. 1988). The Court does so here, however, pursuant to the Eleventh Circuit's order expressly transferring the matter of appellate attorneys' fees to this Court for consideration. ECF 68.

[15] All Fifth Circuit cases decided before October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209–10 (11th Cir. 1981).

Miko's attorneys have filed affidavits and billing records supporting a supplemental award of the following fees and costs:[16]

1. $82,583.50 in attorneys' fees, for 169.05 total hours of work by three attorneys, distributed as follows:[17]

    - Gerald Weber: $43,176.00, for 77.1 hours at $560 per hour;[18]

    - Craig Goodmark: $36,945.00, for 82.1 hours at $450 per hour;[19] and

    - Amith Gupta: $2,462.50, for 9.85 hours at $250 per hour;[20] and

2. $312.13 in costs for printing and copying.[21]

The Court finds that these fees and costs are reasonable. The requested fees are equal to the presumptively reasonable "lodestar" amount, *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008), given the attorneys' experience and qualifications, the prevailing market rate in Atlanta for similar services by

---

[16] There is a discrepancy (presumably a typographical error) between the amount Miko requests in his brief ($90,433.00, ECF 75, at 2) and the amount reflected in Miko's exhibit summarizing his attorneys' hours and expenses ($90,443.00, ECF 75-1, at 17). There is a further discrepancy between both of those amounts, and the amount the Court calculated based on Miko's attorneys' billing records. The latter discrepancy is the apparent result of Miko's attorneys Gerald Weber and Amith Gupta claiming fees in the instant motion that were already awarded at default judgment. *See infra* notes 18, 20.

[17] ECF 75-1, at 17.

[18] ECF 75-2, at 7–14. Weber is awarded fees for 110.3 hours total, *id.* at 7, less 33.2 hours already awarded, ECF 34-2, at 7.

[19] ECF 75-3, at 10–12.

[20] ECF 75-4, at 7–8. Gupta is awarded fees for 54.3 hours total, *id.* at 8, less 44.45 hours already awarded, 34-4, at 7.

[21] ECF 75-3, at 12.

7

reasonably comparable professionals, and the exercise of Miko's attorneys' "billing judgment." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). The Court further concludes that the full lodestar amount should be awarded, given the quality of representation and the result obtained. *Id.* at 1302. Finally, the Court finds that Miko's requested costs are authorized as a taxable cost under 28 U.S.C. § 1920. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Miko is accordingly awarded fees and costs totaling $82,895.63 in addition to the amounts already awarded by the Court.

Jones's motion for relief from default judgment [ECF 81] is **DENIED**, and Miko's supplemental motion for attorneys' fees [ECF 75] is **GRANTED**. Miko is awarded $82,895.63 in fees and costs. An amended final judgment will be entered by separate order.

**SO ORDERED** this 26th day of September, 2024.

Steven D. Grimberg<br>
United States District Judge